**BENSON v. CROWELL, Deputy Commissioner, et al.**

District Court, S. D. Alabama. S. D.
Feb. 24, 1930.

Outlaw, Kilborn & Smith and Harry T. Smith & Caffey, all of Mobile, Ala., for complainant.

Pillans, Cowley & Gresham, of Mobile, Ala., for Knudson.

Alex C. Birch, U. S. Atty., of Mobile, Ala., for Crowell.

ERVIN, District Judge.

After much deliberation I have concluded to amplify the opinion formerly rendered in this case, 33 F.(2d) 137. I then contented myself with citing the two cases hereafter cited and now feel they should have been commented on.

In London, etc., Co. v. Industrial Commission of California, 279 U. S. 109, 49 S. Ct. 296, 300, 73 L. Ed. 632, the court speaking of the jurisdiction of the admiralty court says: "Its jurisdiction is not limited to trans-

portation of goods and passengers from one state to another, or from the United States to a foreign country, but depends upon the *jurisdiction conferred* [italics mine] in article 3, § 2, extending the judicial power of the United States to *all* cases of admiralty and maritime jurisdiction."

In concluding its opinion it was said: "We must hold therefor that it was a violation of the exclusive maritime jurisdiction conferred *by the Constitution* to apply in this case the California Compensation Act."

The Constitution nowhere empowered the Congress to confer admiralty jurisdiction upon the "Supreme Court and such inferior courts as the Congress should from time to time ordain and establish." By its own terms it vested these courts with *all* admiralty and maritime jurisdiction.

In Ex parte Bakelite Corporation, 279 U. S. 438, 49 S. Ct. 411, 412, 73 L. Ed. 789, where the question was whether the Court of Custom Appeals was a constitutional court, or a statutory or legislative court it was said: "While article 3 of the Constitution declares, in section 1, that the judicial power of the United States shall be vested in one Supreme Court and in 'such inferior courts as the Congress may from time to time ordain and establish,' and prescribes, in section 2, that this power shall extend to cases and controversies of certain enumerated classes, it long has been settled that article 3 does not express the full authority of Congress to create courts, and that other articles invest Congress with powers in the exertion of which it may create inferior courts and clothe them with functions deemed essential or helpful in carrying those powers into execution. But there is a difference between the two classes of courts. Those established under the specific power given in section 2 of article 3 are called constitutional courts. They share in the exercise of the judicial *power defined in that section,* can be invested with *no other jurisdiction,* and have judges who hold office during good behavior, with *no power in Congress to provide otherwise.* On the other hand, those created by Congress in the exertion of other powers are called legislative courts. Their functions always are directed to the execution of one or more of such powers, and are prescribed by Congress independently of section 2 of article 3; and their judges hold for such term as Congress prescribes, whether it be a fixed period of years or during good behavior." (Italics mine.)

Also it was said: "Legislative courts also may be created as special tribunals to examine and determine various matters, arising between the government and others, which from their nature do not require judicial determination and yet are susceptible of it. The mode of determining matters of this class is completely within congressional control. Congress may reserve to itself the power to decide, may delegate that power to executive officers, or may commit it to judicial tribunals."

In the same case, answering the argument that there was no provision in the act limiting the term of office of the judges provided for, it is said: "But the argument is fallacious. It mistakenly assumes that whether a court is of one class or the other depends on the intention of Congress, whereas the true test lies in the power under which the court was created. and in the jurisdiction conferred. * * * But, if there be constitutional obstacles to assigning judges of constitutional courts to legislative courts, the provision cited is for that reason invalid, and cannot be saved on the theory that Congress intended the court to be in one class when under the Constitution it belongs in another."

The opinion in this case serves a much needed and useful purpose in clearing up and defining the difference between the constitutional courts, those ordained and established to receive and exercise the jurisdiction *vested* in them by the Constitution, and those created to aid the government in some of its multitudinous functions.

The opinion names a number of those statutory courts. What is there said is also applicable to the large number of boards and commissions created by Congress for dealing with special purposes such as the deputy commissioner provided for in the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950).

What is found in many of those acts making the findings of these statutory courts, commissioner and boards, final, is proper when limited to the matters properly triable before them. What is said by many courts as to the binding effect of their findings is also proper when so limited, but if it is a matter of cognizance in the first instance by a constitutional court, or is a matter where the jurisdiction of such court is exclusive under the Constitution, then it is an entirely different matter.

An examination of the opinion in the Bakelite Case will show that the Supreme

Court itself has at times overlooked this distinction.

■ We see therefore that the admiralty courts are *vested* by the Constitution with *all* admiralty and maritime jurisdiction. Congress cannot extend such jurisdiction, nor can it limit it. Den ex dem. Murray Lessee v. Hoboken Land & Imp. Co., 18 How. 284, 15 L. Ed. 372.

■ The question then arises does the Longshoremen's and Harbor Workers' Compensation Act undertake to take away jurisdiction of the admiralty court.

It will be conceded that in the absence of such act the admiralty court had jurisdiction of the causes of action there provided to be heard and determined by the deputy commissioner. If then there is no provision by which the court is ultimately to hear and determine, as a court, these controversies what can be said.

Again the Harbor Workers' Act provides for a hearing by the deputy commissioner and a finding by him and if the sum awarded is not paid in a given time, for a supplemental hearing by him to ascertain the amount of the default, and section 18 (33 USCA § 918) says: "Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law."

Suppose the act, instead had declared that: "When a libel is filed to recover damages suffered in a maritime cause, the court *shall* refer the hearing to a deputy commissioner, who shall hear the facts and decide the cause, and make known to the parties litigant his findings, and if such findings are not complied with in thirty days he shall have a supplementary hearing and find the amount of the default, and file in the cause his supplementary decree which shall be final, and the court shall enter judgment for such sum."

Would this not take from the admiralty courts its jurisdiction in these causes? Would any one contend this statute would provide for a hearing by an admiralty court or that it was a valid enactment? Has the Congress the right to dictate to a constitutional court what its findings and decree shall be, in a matter where its jurisdiction is conferred by the Constitution?

In Ex parte Bakelite, 279 U. S. 454, 49 S. Ct. 411, 414, 73 L. Ed. 789, it is said: "A duty to give decisions which are advisory only, and, so without force as judicial judgments, may be laid on a legislative court, but not on a constitutional court established under article 3."

Much less can it be said that a duty may be laid on a constitutional court to give any certain decision on a given state of facts. It is true that under the provisions of this act, the decisions of the deputy commissioner are apparently advisory to the court, for there was no provision that he could issue execution, but it did not stop there but undertook to make such advisory opinion or finding by him the arbitrary basis of a judicial judgment by the court, without a hearing on the facts by such court, unless the words "if such supplementary order is in accordance with law" (section 18 [33 USCA § 918]), taken in connection with the other provision in section 21, subdivision (b), 33 USCA § 921 (b), providing for an injunction against the deputy commissioner, are construed to give the court the right to hear the facts.