W. J. McCAHAN SUGAR REFINING & MOLASSES CO. et al. v. NORTON, Deputy Com'r, et al.

No. 4192.

Circuit Court of Appeals, Third Circuit.

Sept. 11, 1930.

Louis Wagner, Richard A. Smith, and Wilbur F. Whittle, all of Philadelphia, Pa., for appellants.

Ward C. Henry, of Philadelphia, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court dismissing a bill of complaint filed for the purpose of reviewing and setting aside an order made on January 5, 1929, allowing $9.97½ per week to Maggie Parks, widow, and $2.82 per week to Henry Parks and Janet Parks, children, under eighteen years of age, of John Parks, who was killed while working as a stevedore in unloading sugar from the steamship Nordhavet on November 15, 1928, at Philadelphia, Pa. The order was made by Augustus P. Norton, Deputy Commissioner for the Third Compensation District of the United States Employees' Compensation Commission. The order further provided that the appellants pay to J. C. McKain, the undertaker, burial expenses to the amount of $200 and also fixed the fee of Mortimer W. H. Cox, Esq., attorney for the claimant, at $150, to be paid out of the award to Mrs. Parks, one-half of the weekly payments due her under the order to be paid to Mr. Cox until the $150 is paid.

This was a proceedings under the "United States Longshoremen's and Harbor Workers' Compensation Act" of March 4, 1927 (33 USCA §§ 901–950). The Deputy Commissioner found that on November 15, 1928, "John Parks, while performing services for the employer upon the Navigable waters of the United States, suffered accidental injury, arising out of and in the course of his employment and resulting in his death"; that while Parks was working in the hold of the Nordhavet, at the port of Philadelphia, "after having made up a draft of bags of sugar, and while waiting for the draft to be hoisted out, and not having deviated from the performance of duty, he fell upon one layer of bags of sugar which remained in the hold, and upon which he was standing; that said fall resulted from loss of balance or tripping or slipping, and not from disease; that his head struck upon a bag of sugar or some other object; that said fall caused a fracture of the base of the skull; that said fracture caused his death in the hold, a few minutes later."

The appellants concede that there is satisfactory evidence to support a finding of accidental injury, but contend that there was no evidence to justify the finding that the accidental injury arose out of and in the course of his employment.

Section 21(b) of the act (33 USCA § 921 (b), provides that:

"If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred."

■ The question for review here is the determination of whether or not the order of compensation was "in accordance with law," in that there was substantial evidence to sustain it. The court is not the trier of the facts. The hearing for the determination of the facts is before the deputy commissioner. Section 19 of the act (33 USCA § 919). The function of the court is the determination of whether or not the order is "in accordance with law." Consequently, if there was any substantial evidence to sustain it, the decree of the District Court should be affirmed.

The evidence shows that Parks was working in the hold of the Nordhavet and fell as the Deputy Commissioner found; that his head struck upon bags or some object; that immediately thereafter blood was seen coming from the right corner of his mouth, out of his ears; that blood was on his right cheek and nose; that he was immediately taken to the Mount Sinai Hospital and blood was coming from his nostrils when he arrived there; that there was a contusion on the right side of his face; that blood was coming from his nose, blood and spinal fluid from his ears, and bloody fluid out of his right eye; that there was a fracture at the base of his skull, a depressed fracture at the top of his head, and his neck was broken.

■ The evidence is positive that Parks was working in the hold of the Nordhavet and unloading sugar and had a fall while so engaged. There is no evidence whatever that he had any other accident or injury than the fall in question. After he had suffered this injury, which was discovered immediately after the fall, it is certain that he could not have worked. Accordingly he could not have had the injuries before the fall, but did have them immediately thereafter. The conclusion seems inevitable that the injury which resulted in his death was received in or in connection with the fall. There was sufficient evidence, in our opinion, to sustain the order of the deputy commissioner. It was therefore "in accordance with law" and may not be set aside or suspended by us.

The decree of the District Court is affirmed.

Supplemental Opinion.

PER CURIAM.

At the time the former opinion was written in this case, it was overlooked that counsel for Maggie Parks et al. filed a petition on the day of argument asking for counsel fee in addition to the one allowed by the Deputy Commissioner. Upon consideration the court thinks that an additional fee of $125 should be allowed, to be paid out of the award to Maggie Parks. One-half of the weekly payment to her under the order shall be paid to her counsel, Mortimer W. H. Cox, Esq., until the sum of $125 has been fully paid; the first payment to begin the week following the final payment of the $150 counsel fee allowed by the Deputy Commissioner.