**CROWELL, Deputy Com'r, et al. v. BENSON.**

No. 5802.

Circuit Court of Appeals, Fifth Circuit.

Nov. 17, 1930.

Alexander C. Birch, U. S. Atty., Palmer Pillans, and Alexis T. Gresham, all of Mobile, Ala. (Alex C. Birch, U. S. Atty., and Pillans, Cowley & Gresham, all of Mobile, Ala., on the brief), for appellants.

Wm. G. Caffey and Vincent F. Kilborn, both of Mobile, Ala. (Outlaw, Kilborn & Seale and Harry T. Smith & Caffey, all of Mobile, Ala., on the brief), for appellee.

Before FOSTER and WALKER, Circuit Judges, and HOLMES, District Judge.

WALKER, Circuit Judge.

On July 4, 1927, J. B. Knudsen, one of the appellants (herein referred to as the claimant), sustained personal injuries while on a derrick barge which was owned by Charles Benson, the appellee, and was then moored in the Mobile river, a navigable stream, the claimant then being on the barge for the purpose of splicing a wire cable which was part of its equipment. The claimant filed against the appellee a claim for compensation for those injuries under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 USCA § 901, et seq. In that proceeding the appellee put in issue allegations of the claimant, including the allegation that at the time the alleged injuries were sustained the claimant was an employee of appellee. After a hearing on that claim before a Deputy Commissioner under the act mentioned, one of the appellants, at which evidence was presented by the claimant and appellee, that official made an

order awarding compensation to the claimant. That order, in the caption of which Knudsen was styled "Claimant" and appellee was styled "Employer," contained what was called "Findings of Fact," which included the statement: "That on the 4th day of July, 1927, the claimant above named was in the employ of the employer above named in Mobile, Alabama." Other than that statement it contained nothing as to the facts of any relationship existing between the claimant and the appellee at the time the former was injured. Thereafter appellee filed in the court below what was called a "bill of complaint" against the appellants. That pleading, after alleging the proceedings under the claim filed by the claimant and the making of the above-mentioned order, alleged "that the said award and compensation order was not in accordance with law, for the reason that said J. B. Knudsen was not at the time of said injury an employee of the complainant, nor was the matter of his claim against this complainant within the jurisdiction of the said Deputy Commissioner." That pleading contained further allegations to the effect that prior to the date of the alleged injury, and after the derrick barge had been loaned by the appellee to the claimant and/or one Beauregard Roberts, and while it was used by one or both of them for purposes in which appellee was not concerned, the claimant wrongfully cut a cable thereon, and that at the time of the alleged injury the claimant was on board the barge for the purpose of splicing that cable as an act of reparation for the damage done by cutting it, but was not there as an employee or at the instance of appellee. That pleading prayed that the enforcement of that award be enjoined, and that it be set aside. After the overruling of motions of the appellants, 33 F.(2d) 137, that appellee's bill be dismissed, which motions stated the following, among other grounds: "The facts alleged do not show that there was no competent evidence before the Deputy Commissioner to support his order sought to be enjoined," and after the appellant had filed an answer to the bill, the court entered upon a trial de novo of the issues raised, heard evidence offered by the opposing parties, consisting of testimony of witnesses examined in the presence of the court, and rendered a final decree, which contained a finding to the effect that the claimant was not in the employ of the appellee at the time the former sustained the injuries mentioned, and adjudged that the above-mentioned award was not in accordance with law, and that that award be in all things set aside. That decree contained the recital that "the respondent Crowell produced, offered and filed in evidence the record of the proceedings before him as Deputy Commissioner, but did not read same to the Court, nor did the Court read it."

It is not questioned, and is not fairly open to question, that testimony given in the presence of the court supported a finding that, at the time claimant sustained the alleged injuries, he was not an employee of the appellee. It appears from the opinion rendered by the District Judge that his action in having a trial de novo for the purpose of passing on the question whether the award made by the Deputy Commissioner was or was not "in accordance with law," with the result of not confining the evidence to be considered to that taken before the Deputy Commissioner, was influenced by his conclusions that the provision of the above-mentioned act with reference to a compensation order being passed on by a District Court was constitutionally invalid unless under that provision a court in passing on such an order properly may consider evidence other than or in addition to that heard by the official who made the order in question; and that under that provision it was permissible for the court, in passing on the challenged award of compensation, to hear and consider evidence other than or in addition to that taken before the official who made that award. Benson v. Crowell (D. C.) 33 F.(2d) 137. Three Circuit Courts of Appeals—of the Third, Fourth, and Ninth Circuits—have reached conclusions opposed to those expressed by the District Judge, deciding that the District Court, in determining whether the award in question was or was not "in accordance with law," can consider no evidence other than that which was taken before the official who made the award of compensation, and that a challenged award must be confirmed if there was any evidence before the Deputy Commissioner supporting it. Nordhavet (Parks Case) 43 F.(2d) 505, 1930 A. M. C. 1827; Wheeling Corrugating Co. v. McManigal, 41 F.(2d) 593; Northwestern Stevedoring Co. v. Marshall, 41 F.(2d) 28. Several District Courts have reached conclusions in harmony with those arrived at in the three just cited cases. Obrecht-Lynch Corporation v. Clark, 30 F.(2d) 144; Merchants' & Miners' Transportation Co. v. Norton, 32 F.(2d) 513; Joyce v. United States Deputy Commissioner, 33 F.(2d) 218; Pocahontas Fuel Co. v. Monahan, 34 F.(2d) 549; Grays Harbor Stevedore Co. v. Marshall, 36 F.(2d) 814.

By the assertion and prosecution of the claim in question one individual sought to deprive another individual of property—the sum of money required to pay the compensation claimed and awarded. The Fifth Amendment to the Constitution of the United States has the effect of forbidding the accomplishment of that result under the claim asserted without due process of law. For the appellee to have the benefit of the due process of law to which he is entitle.. he must have had, at some stage of the proceeding prescribed by the above-mentioned act for the assertion and allowance of a claim to compensation under it, a fair opportunity for submitting to a judicial tribunal, for determination upon its own independent judgment, as to both law and facts, the question whether the claim asserted is or is not allowable and enforceable. Ohio Valley Co. v. Ben Avon Borough, 253 U. S. 287, 40 S. Ct. 527, 64 L. Ed. 908; Bluefield Co. v. Pub. Ser. Comm., 262 U. S. 679, 689, 43 S. Ct. 675, 67 L. Ed. 1176; Lehigh Valley R. R. v. Commissioners, 278 U. S. 24, 37–41, 49 S. Ct. 69, 73 L. Ed. 161, 62 A. L. R. 805; Liu Hop Fong v. United States, 209 U. S. 453, 461, 28 S. Ct. 576, 52 L. Ed. 888; Ng Fung Ho v. White, 259 U. S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938. When a contested money demand is that of one private individual against another private individual, the latter is entitled to have the question of his liability passed on by a judicial tribunal before the issue of process, in its nature final, for the enforcement of the asserted liability. Murray's Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 284, 15 L. Ed. 372. It is hardly consistent with the just stated propositions to hold that, as to the facts required to support its action in a case presented to it for decision, a court is restricted to a determination of the question whether an administrative official, who, as required by law, first passed on the controversy involved in the case, did or did not have before him substantial evidence to prove the facts required to support his conclusion. The claimant's injury having been sustained while he was on a vessel afloat in navigable waters, where he then was for the purpose of rendering a maritime service, the claim for compensation was within the admiralty jurisdiction, which jurisdiction is vested exclusively in constitutional federal courts, not in legislative courts or tribunals, or in any executive official. Martin v. Hunter's Lessee, 1 Wheat. 304, 4 L. Ed. 97; Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C,

451, Ann. Cas. 1917E, 900; Northern Coal & Dock Co. v. Strand, 278 U. S. 142, 49 S. Ct. 88, 73 L. Ed. 232; Panama v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085; Ex parte Bakelite Corp., 279 U. S. 438, 451, 49 S. Ct. 411, 73 L. Ed. 789.

The above-mentioned act provides for a claim for compensation being filed with a Deputy Commissioner, who is required, by order, to reject the claim or make an award in respect thereof; and that act provides: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District)." 33 USCA §§ 919, 921(b); 44 Stat. 1436, §§ 19, 21.

As to the action of a Deputy Commissioner on a claim presented to him, the act provides for his making or causing to be made such investigation as he considers necessary in respect to the claim, for his ordering a hearing on the claim upon the application of any interested party, and that "in making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence, * * * except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties." 33 USCA §§ 919(c), 923. The act contains no provision requiring the Deputy Commissioner to make a finding of facts. It provides no means of disclosing, as to facts required to sustain that official's conclusion evidenced by his order, whether in finding the existence of such facts he was or was not influenced solely by what he learned from an investigation or inquiry other than on the hearing ordered by him, or whether he did or did not attach any probative value to evidence adduced at such hearing. The provision of the act as to a party in interest getting before a court the question whether a compensation order is or is not in accordance with law contains nothing indicating what is to be considered by the court in passing on that question. There is nothing in that provision to indicate that anything done or said by or before the Deputy Commissioner, other than his order which is sought to be suspended or set aside, is required to be disclosed or

made known to the court in any way. The act contains no intimation that the court, in passing on the question so brought before it for decision, is not permitted to consider any evidence, except that which the Deputy Commissioner had before him. We have discovered no provision of the act which indicates a purpose to make conclusive, if supported by substantial evidence, a finding of fact made by a Deputy Commissioner. In the absence of such a provision the existence of such an intention is not to be presumed, especially where the fact in question is one upon the existence of which that official's right or power to act at all is dependent. The absence of any provision in the act that the hearing by the court shall be upon a transcript of the proceedings before the Deputy Commissioner indicates that the Congress intended to give to the applicant for injunctive relief the right to have a hearing de novo before the court. Liu Hop Fong v. United States, supra. The remedy provided for, an injunction, usually is a process issuing from a court of first instance, whose action in awarding such process is based on evidence adduced before itself, and its own findings or conclusions from that evidence. In view of the above-mentioned provisions of the act, and of its omissions, we think it well may be inferred that the provision of the act prescribing the proceeding for challenging a compensation award was not intended to be appellate in its nature, and that, as to the facts of the case brought before a court by the institution of such a proceeding, that provision was not intended to have the effect of restricting the court to the determination of the question whether there was any substantial evidence before the Deputy Commissioner to sustain a finding of the facts required to support his order.

Under the above-mentioned act, compensation was not allowable to the claimant against the appellee unless at the time the former was injured he was an employee of the latter. The denial that the relation of employer and employee existed between them at that time was a denial of an essential jurisdictional fact. If that relation did not exist at the time the claimant was injured, the challenged award was not "in accordance with law." In the argument reference was made to the decisions in the cases of New York Central Railroad Company v. White, 243 U. S. 188, 37 S. Ct. 247, 254, 61 L. Ed. 667, L. R. A. 1917D 1, Ann. Cas. 1917D 629, and Hawkins v. Bleakly, 243 U. S. 210, 37 S. Ct. 255, 61 L. Ed. 678, Ann. Cas. 1917D, 637, in support of the contention that, as to the question of the existence of that relationship at the time of the injury, it was consistent with the requirement of due process of law to make the finding of the Deputy Commissioner conclusive if there was before him any substantial evidence to support that finding. We do not think that the decision in either of those cases supports the contention mentioned. The first cited of those cases brought into question some provisions of the Workmen's Compensation Law of New York (Consol. Laws N. Y. c. 67). The procedural provisions of that law were not brought into question, as appears from the following statement in the court's opinion: "No question is made but that the procedural provisions of the act are amply adequate to afford the notice and opportunity to be heard required by the 14th Amendment." The other case involved provisions of a Workmen's Compensation Law of the state of Iowa. The court's opinion (page 215 of 243 U. S., 37 S. Ct. 255) contained a quotation from an opinion rendered by the Supreme Court of Iowa (Hunter v. Colfax Consolidated Coal Co., 175 Iowa, 245, 154 N. W. 1037, 157 N. W. 145, L. R. A. 1917D, 15, Ann. Cas. 1917E, 803) which plainly indicated that that court did not give to the statute in question the effect of interfering with the power of the courts to pass on such questions as whether a claimant under the statute was an employee, or whether his injury was one arising out of his employment, and that that statute provided for a judicial review upon all fundamental and jurisdictional questions. It is not to be doubted that the question whether at the time of the alleged injury the relation of employer and employee did or did not exist between appellee and the claimant is a fundamental and jurisdictional one. Unless that relationship existed at that time, the act conferred no power or jurisdiction on any one to consider and pass on a claim for compensation for the injury sustained by the claimant.

If the court was restricted to a consideration of only the evidence which the Deputy Commissioner had before him, an anomalous situation was presented in the instant case. As above indicated, the only conclusion stated by the Deputy Commissioner on the subject of the relationship between the claimant and appellee was the one found in the above set out quotation from the Deputy Commissioner's order. That was a statement of his legal conclusion that the relationship mentioned existed. What facts he considered to have the result of creating that relationship are

not disclosed. Though in the hearing before him there was testimony tending to prove facts from which the existence of that relationship arose, it was not made to appear that the Deputy Commissioner in reaching his legal conclusion had in mind such facts, or that he was influenced by that evidence or accorded to it any probative value. There was nothing before the court to negative the inference that the stated legal conclusion of the Deputy Commissioner was based entirely on what he or some other person saw or heard in an investigation or inquiry other than in the hearing in which was adduced evidence which was brought before the court. What was seen or heard in such other investigation or inquiry was not made known to the court in any way. The record does not show that the Deputy Commissioner found any fact or state of facts having any bearing on the question of the existence vel non of the relation of employer and employee between the appellee and the claimant. It does not show that evidence produced in the hearing before the Deputy Commissioner supported any conclusion of fact reached by him with reference to any relation between the claimant and the appellee. This being so, it does not seem that it properly can be affirmed that evidence disclosed to the court supported any conclusion of fact on that subject actually reached by the Deputy Commissioner. It cannot well be inferred or supposed that it was intended to require a court to give conclusive effect to a finding of fact made by an executive official when it is not made known to the court what that finding was, or that evidence which was before that official supported that finding.

We conclude that the court did not err in its above-mentioned rulings.

The decree is affirmed.