**W. R. GRACE & CO. et al. v. MARSHALL, Deputy Commissioner, et al.**

**No. 423.**

District Court, W. D. Washington, S. D.

Feb. 11, 1931.

Complainants sue to have set aside a compensation order of the deputy commissioner made on March 20, 1930.

There had been two hearings and compensation orders by the deputy commissioner prior to the one attacked and no suit brought to set aside either of such previous orders.

Paragraphs V, VI, and VII of the complaint are as follows:

"V. That said supplemental compensation order and award filed March 20, 1930, is not in accordance with law and the provisions of the Act, in this, that at the first and subsequent hearings, defendant Anderson aged 56 on February 2, 1930, claimed to have suffered personal injury due to inhalation of ore dust, while employed on board said steamship "Condor", as aforesaid, resulting in injury to his heart, lungs and kidneys; that at said last mentioned hearing complainants produced as witnesses two duly licensed and practicing physicians of the State of Washington who had been caring for and had examined said defendant Anderson, who testified to an improvement and change of condition since the previous hearing, and that the inhalation of ore dust was not the cause of the then condition of said defendant Anderson on the date compensation was stopped and/or the time of the hearing, but that the said condition was due to a chronic myocardian degeneration of the heart, with a chronic Bright's disease, and to a chronic cardiorenal condition and a general arteriosclerosis, all of which was the natural result of his previous condition and age, and entirely unconnected with the alleged inhalation of ore dust. That said defendant Marshall arbitrarily and capriciously failed and refused to find in accordance with the testimony adduced at said hearing.

"VI. That defendant Anderson was not at the time of said hearing on March 12, 1930, and/or at the time compensation was stopped on February 3, 1930, and is not now suffering from any injury and/or disability arising out of and in the course of his employment, or from any occupational disease or infection in connection therewith, as provided by the Act, and that said defendant Anderson is not entitled to further compensation from and after February 3, 1930, the date compensation was stopped by the complainants and/or the date of said last hearing.

"VII. That said defendant Anderson is insolvent, and if an interlocutory injunction is not issued herein, staying the payment of the amounts required to be paid by the compensation order and award of compensation of March 20, 1930, said payments will have to be made, and if the complainants herein are successful in this action, said payments can not be recovered from said defendant, and said complainants will lose the benefits of any favorable decision herein, and by reason thereof will suffer irreparable damage.

"Wherefore complainants pray that a hearing de novo be held by this Honorable Court; that said compensation order and award of compensation of March 20, 1930, be suspended and set aside, and that the payment of the amounts required by said award be stayed, pending final decision herein, and for such other, further or different relief as to the Court may seem equitable and just, together with costs of suit."

The answer of defendants puts in issue the material allegations of the foregoing paragraphs.

The cause has been submitted upon the testimony taken before the deputy commissioner at the hearings mentioned in paragraph V.

Bogle, Bogle & Gates, of Seattle, Wash., for complainant.

Anthony Savage, U. S. Dist. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Dist. Atty., of Tacoma, Wash., for defendant Marshall.

L. B. Sulgrove, of Tacoma, Wash., for defendant Anderson.

CUSHMAN, District Judge (after stating the facts as above).

The compensation order, as appears from the foregoing, is attacked by the bill of complaint on two grounds:

First, that the inhalation of ore dust was not the cause of claimant's disabled condition.

Second, that at the time of the third hearing his condition had improved since the previous hearing, that is, he had recovered.

■ Although it has been held in the Fifth circuit that the District Court should try such cases de novo (Crowell v. Benson, 45 F.(2d) 66) such is not the rule in this circuit. Northwestern Stevedoring Co. v. Marshall, 41 F. (2d) 28. See, also, W. J. McCahan Sugar Refining & Molasses Co. v. Norton (C. C. A.) 43 F.(2d) 505, and Wheeling Corrugating Co. v. McManigal (C. C. A.) 41 F.(2d) 593.

■ As to the first question presented, there having been no review of the first compensation order under section 21 of the act (44 Stat. 1436, 33 USCA § 921) the matter is not open to review, and the only question for the deputy commissioner's consideration upon the third hearing was as to whether there had been any change shown, subsequent to the previous hearing, in the condition of the claimant. Section 22 of the Act (44 Stat. 1437, 33 USCA § 922).

■ Touching the second issue made by the complaint and the answer, while there may have been testimony including that of the claimant himself that he was better—that is, that his condition had improved, yet there is no lack of evidence that his condition had not sufficiently improved to justify his returning to work.

The evidence of claimant and his wife is to the effect that he was not able to work.

Dr. Warren B. Penney, a witness on behalf of the defendant (now complainant) insurance carrier, testified, in part, as follows:

"* * * Now, the lung condition, as far as physical examination shows, if there had been any change from that first examination it has been improved, because that examina-tion showed some rales in the upper part of the chest. He gave a history of coughing and expectorating quite a lot through that time. Since then the history does not show that he is doing as much of that. The rales are gone. * * *

"I do not think that that—by that I do not mean that his lungs were all right and that it would be advisable for him to work. * * *

"The Deputy Commissioner: The doctor is on record in the former hearing. The only benefit that has come out from the doctor's testimony today is the question of whether or not there has been any change from the time of the last hearing which would show that the man had recovered from his injury.

"Mr. Sulgrove: Well, I was not at the former hearing, and I might have got the issues a bit confused in my mind. I will ask the doctor this question.

"Q. Do you find his condition substantially changed now from what it was at the last hearing? A. No. * * *

"The Deputy Commissioner: (Interrupting) Just a minute. We are going over the same ground on which I interrupted Mr. Sulgrove. That matter has been passed upon and an award has been made and a compensation order has been issued, from which no appeal was taken, and the only question remaining here now is whether his condition is changed and whether this man has recovered from his disability. * * *

"Q. But whatever his condition may be, is it still substantially the same as it was the last time that you testified? A. There is nothing particularly changed."

Dr. Ralph C. Schaeffer, called as a witness on behalf of the employer and insurance carrier, testified, in part, as follows:

"* * * A. I didn't say that he was unable to work. This man—many people work with a worse heart than he has, but it is not advisable to work with a degeneration such as that.

"Q. Well, he is then to all practical purposes unable to work today? A. It is up to him whether he should work or not.

"Q. If you were his physician, you would say that he should not go to work, wouldn't you? A. A man with that should never go to work."

In view of the foregoing answers it is unnecessary to quote or state further of the evidence before the deputy commissioner. The foregoing is sufficient to show that the deputy commissioner's finding of continued

disability and the compensation order made thereon March 20, 1930, was not unsupported by the evidence.

The bill of complaint will be dismissed.

The findings of fact, conclusions of law, and decree will be settled upon notice.

The clerk will notify the attorneys for the parties to this cause of this ruling.