In the Matter of the Claim of HELEN STRAND, Respondent, against HARRIS STRUCTURAL STEEL Co., INC., Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 29, 1932.

*Hulbert & Heermance* [*Clayton J. Heermance* of counsel], for the appellant.

*John J. Bennett, Jr.,* Attorney-General [*Joseph A. McLaughlin, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*Edward T. Curran,* for the claimant, respondent.

PER CURIAM. This is an original motion which asks " For a determination on the question of whether the Industrial Board has jurisdiction to order a rehearing of the claim on facts warranting the same — and if the court so finds directing that the Industrial Board enter an order reopening above-named claim for the purpose of a rehearing, and receiving such additional evidence as may properly be brought before said Industrial Board on said claim." An award of death benefits made in 1923 to this claimant, the widow of Frank Strand, was reversed at the May, 1924, term of this court and the claim dismissed on the ground that Strand's injury did not arise out of his employment (209 App. Div. 310). Among the papers in support of this motion are affidavits indicating newly-discovered evidence, also correspondence between claimant's attorney and the chairman of the Board as to an informal application for a reopening of the case, which was refused. A record of the proceedings before the Board is not included. This is not an appeal. None would lie from an order denying an application to reopen. (*Mittiga* v. *United States Aluminum Co.*, 227 App. Div. 680.) This motion asks that a question of fact be determined and a direction thereon be given to the Board. We may not decide questions of fact, as " The decision of the Board shall be final as to all questions of fact." (Workmen's Comp. Law, § 20.) We do not deem it proper to advise the Board as to its duty, but only to call attention to the expressions of the courts that seem to bear upon the powers of the Board in this regard. In *DiDonato* v. *Rosenberg* (230 App. Div. 538) Judge HINMAN said (p. 542): " We have never held that newly-discovered evidence might not afford a basis of relief, where there was sufficient mistake of fact, or fraud, or imposition upon a client or the court, due to excusable neglect and where due diligence was exercised." And in the same case in the Court of Appeals (256 N. Y. 412) Judge CRANE said (p. 417): " The affirmance by the Appellate Division did not deprive the State Industrial Board of its power thereafter to reopen the proceeding and vacate its previous awards upon facts justifying such action."

The Board may confer jurisdiction upon this court to determine as a matter of law the power of the Board to reopen a case where the claim has been dismissed on a previous appeal to the courts, because the Board has been empowered to certify to this court questions of law involved in its decision. (Workmen's Comp. Law, § 23.) The Board has not done so in this case.

The motion should be denied.

All concur.

Motion denied.