**TEXAS EMPLOYERS' INS. ASS'N v. SHEPPEARD et al.**

**No. 238.**

District Court, S. D. Texas, Houston Division. April 27, 1932.

Royston & Rayzor and Lee M. Sharrar, all of Houston, Tex., for libelant.

A. D. Dyess, of Houston, Tex., and L. H. Jones and Dean B. Kirkham, both of Corpus Christi, Tex., for interveners.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex., for respondent.

KENNERLY, District Judge.

This is a proceeding in admiralty [Crowell v. Benson, 283 U. S. 814, 51 S. Ct. 353, 75 L. Ed. 1430; Id., 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 369; Id. (D. C.) 33 F. (2d) 137; Id. (D. C.) 38 F.(2d) 306; Id. (C. C. A.) 45 F.(2d) 66] brought by the Texas Employers' Insurance Association, libelant, to set aside an award made by G. Sheppeard, as deputy commissioner of the United States employees' compensation commission, under the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927 [USCA §§ 901–950, title 33]), in the matter of the death of Jesse Eskridge. Frank Eskridge and Mary Eskridge, father and stepmother of Jesse Eskridge, intervene.

The Southern Stevedoring & Contracting Company was the employer or master, libelant was its insurer, and Jesse Eskridge was its servant or employee, under and within the meaning of such act, on September 24, 1931. From an injury occurring on that date, while so employed, upon the navigable waters of the United States, Jesse Eskridge, on that date, died. The award was made by the deputy commissioner January 7, 1932, after a hearing such as is prescribed by such act, and was in favor of the interveners, as dependents (sections 902 and 908, title 33, USCA), and to certain persons for funeral expenses, and was against such stevedoring and contracting company and libelant its insurer.

Only two questions are presented:

█ 1. Libelant, before the deputy commissioner, insisted that interveners were not in fact dependent upon Jesse Eskridge, the deceased employee, and the deputy commissioner finding against it, upon such issue, claims the right to a trial de novo thereon here. That such claim of right to a trial de novo is without merit is clear. Crowell v. Benson, 284 U. S. ——, 52 S. Ct. 285, 76 L. Ed. 369, decided February 23, 1932.

█ 2. An examination of the record before the deputy commissioner discloses that his finding that interveners were dependent

upon the deceased employee is supported by the evidence, and is therefore final. Crowell v. Benson, supra.

Let a decree be prepared, confirming the award.