In the Matter of the Claim of PETER FOERG, Appellant, against SACKETT & WILHELMS CORPORATION and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant has appealed from a decision of the Industrial Board denying his application to reopen his claim for the purpose of introducing further testimony. Claimant alleges that he sustained an injury to his eye about December 2, 1930, while in the regular course of his employment. No claim for compensation was filed by claimant until June 3, 1935. The Industrial Board denied compensation because the claim was not filed within the statutory time. No appeal was taken from that decision. No appeal lies from a decision of the State Industrial Board denying an application to reopen a case for the purpose of introducing further testimony. Such a decision is merely interlocutory. (*Matter of Sparone* v. *General Electric Co.*, 203 App. Div. 273; *Matter of Mittiga* v. *U. S. Aluminum Co.*, 227 id. 680.) Appeal dismissed, without costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANK HOFFMAN, Respondent, against TROY CHAMBER OF COMMERCE-BETTER HOUSING COMMISSION, Alleged Employer, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for temporary total disability. The alleged employer was engaged in promoting a " Better Housing " campaign, to demonstrate to the public how an old house could be renovated to appear like a new one. Various contractors provided the materials and labor of the project without profit, the chamber reimbursing by meeting the payroll and paying for the materials at cost. Claimant was a painter and was employed by Henry Schuldt, a contractor, and was directed by Schuldt to work on the building in question, Schuldt furnishing claimant with brushes and ladders. Schuldt stated that one Egan had the main contract relative to the renovation, and Egan informed Schuldt that he need not make out any bill for compensation because the Chamber of Commerce was carrying the compensation on the job. Schuldt made no profit relative to the transaction, but at the site of the building had an advertising sign stating that he was a painter and interior decorator. Schuldt did not supply the paint; he was informed by Egan that the paint was donated by different firms, and Schuldt was directed by Egan to get the paint. Each Friday Schuldt made a statement to the Chamber of Commerce as to the time which had been put in by his men, the claimant and another, and the Chamber of Commerce paid Schuldt the money which he in turn paid to his men. The only point raised was that the employee was not an employee of the alleged employer herein. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANITA LA MERE, Respondent, against FRED A. FREEMAN, Respondent, and TRAVELERS INSURANCE COMPANY, Appellant.— The question is coverage. A policy was issued on or before July 1, 1934. Evidence was received showing that on about that date it was delivered to the employer, together with notices to be posted in the plant; that credit for the premium was given until September fifth. The policy was returned to the agent of the company by the employer on August first. No steps were taken to effect a legal cancellation. The accident happened on August sixth. The policy was in force. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P J., Rhodes, McNamee, Bliss and Heffernan, JJ.