THIRD DEPARTMENT, JULY, 1937.

(July 2, 1937.)

In the Matter of the Claim of ANDREW CONKLIN, Appellant, against A. R. DOWD COMPANY and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Motion to dismiss appeal denied.

Hill, P. J., Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion, in which Crapser, J., concurs.

McNAMEE, J. (dissenting). This is a motion by the employer and carrier to dismiss an appeal taken by the claimant. The appeal was taken from the action of the State Industrial Board in denying a reopening and a rehearing of the case.

The claimant was injured on July 10, 1926, and a claim was filed. The case was heard by the State Industrial Board, and upon the medical evidence adduced, an award was denied, on the ground that the neurosis from which the claimant contends he is suffering was not related to the accident. No appeal was ever taken from that decision.

Nine years after the accident, in 1935, a Doctor Leitner saw the claimant, but made no objective findings; but he did make an affidavit in which he stated his opinion to be that claimant's neurosis was due to the accident in 1926.

On this affidavit the claimant applied to the Industrial Board to reopen and review the case. The Board considered the affidavit in connection with the medical evidence in the case, and on March 9, 1936, denied a review, on the grounds that the affidavit contained only a contradictory opinion, and that this opinion did not change the weight of the medical evidence in the case given by a number of doctors who were acquainted with the claimant's injuries. It is from this denial the claimant appealed on March 11, 1936, many years after the expiration of the time to appeal from the denial of an award. Even if it were a matter of any importance here, clearly no question could possibly arise from the new testimony, except one of fact; and that question was originally passed upon, and again has been passed upon now, by the State Industrial Board.

The determination of a referee in making or denying an award is deemed the action of the State Industrial Board (Labor Law, § 19). Section 23 of the Workmen's Compensation Law recognizes two distinct and unrelated reviews of the decision of a referee. One of these reviews is given by section 19 of the Labor Law, upon the application of a party, or upon the Board's own motion. The other is given by section 23 above mentioned, by way of appeal.

The review on application is made by the Board, may be granted at any time, may be renewed, and it is optional with a party whether he shall apply for it or not; it is purely discretionary and wholly interlocutory, by the terms of the statute, and no right of appeal is affected thereby. (Labor Law, § 19; Workmen's Comp. Law, § 15, subd. 6a; Id. §§ 22, 123; State Industrial Board Rules, rules 13–16.)

The only review by the way of appeal to this court from a decision of a referee or of the State Industrial Board is that provided by section 23 of the Workmen's Compensation Law. That appeal must be taken within thirty days after notice

of the filing of the decision making or denying an award. The statute, however, provides for an extension of that period. It provides that if a party shall, within twenty days after such filing, apply to the Board for review, pursuant to section 19 of the Labor Law, then he may have until twenty days after notice of filing the decision on the application for review to perfect his appeal. It is thus seen that the two kinds of review are different in their nature, method and procedure, that they are taken to different tribunals, and with widely different results.

While a set of facts is conceivable which would make it the clear duty of the Board to reopen the case because of newly-discovered evidence showing mistake, fraud, change of conditions, or the like, no such claim is made here, nor is there any pretense of such a showing. But despite the fact that such a case may arise, and that the Board may fail in its duty, the Labor Law nor the Workmen's Compensation Law gives no appeal to this court in such a case.

These conclusions are supported not only by the clear reading of the statutes and rules of the Board, but also by the decisions of this court bearing on the subject. We have held that when the time to appeal has expired, the action of the Board is conclusive, and that a party may not be accorded further time in which to appeal, " under the name of a rehearing." (*Clemens* v. *Clemens & Grell, No. 2*, 180 App. Div. 92.) On appeal taken to this court from a denial of the State Industrial Board to reopen a case, this court said: " Appeal dismissed, on the ground that no appeal lies from a denial of application to reopen." (*Mittiga* v. *United States Aluminum Company*, 227 App. Div. 680.) Again, on an original motion in this court for an order directing the Industrial Board to reopen a case and receive additional evidence, it was said: " This is not an appeal. None would lie from an order denying an application to reopen." (*Strand* v. *Harris Structural Steel Co., Inc.*, 234 App. Div. 341.) And finally, when a claimant appealed from a decision of the Board denying his application to reopen for the purpose of introducing further testimony, after his time to appeal had expired, this court decided on January 20, 1937: " No appeal lies from a decision of the State Industrial Board denying an application to reopen a case for the purpose of introducing further testimony." (*Foerg* v. *Sackett & Wilhelms Corp.*, 249 App. Div. 900.)

The appeal now pending before this court from an order denying an application to reopen for the purpose of taking further testimony, is wholly without warrant in the statutes, is opposed to the practice long recognized and followed by this court, and is idle. Certainly no past error has been pointed to, nor any reason assigned, why this court should reverse itself, and depart from its previous decisions on this subject. The appeal should be dismissed.

Crapser, J., concurs.