Appeal from a decision of the Workmen’s Compensation Board which denied the appellant’s application for reconsideration and recommittal on the grounds of newly discovered evidence. The sole issue presented at the hearings before the Referee was whether or not the claimant was the legal widow of the deceased employee. The first wife of the decedent obtained a divorce against him in New York State on the ground of adultery on July 6, 1945. On September 27, 1945, two months and twenty-one days later, decedent married claimant in New York State. This purported marriage was clearly void ab initio if the first wife was then living. (Domestic Relations Law, §§ 6, 8.) The Referee made an award to claimant upon the ground that the first wife’s divorce decree did not expressly prohibit remarriage of the defendant, and upon another equally erroneous ground. The Workmen’s Compensation Board rejected the grounds of the Referee’s decision, but affirmed the award on the entirely new and different ground that the employer had failed to prove that the first wife was living at the time of the second marriage. There was no duty on the part of the employer to offer affirmative proof of this fact because of the presumption of the continuance of living for so short a period of time, and because it was incumbent upon the claimant to establish her status as the legal widow of the employee. No one had questioned the continued existence of the first wife at *1069 any of the hearings. However, the Workmen’s Compensation Board, having based its decision on the absence of such proof, the employer then sought the opportunity to establish by affirmative evidence that the first wife was still living. This application was denied. We think the denial of the application was an abuse of discretion, and that in the interests of justice the appellant should be given the opportunity to offer evidence on an issue which was injected into the case after the hearings were closed. Awards should not be based upon the balancing of presumptions when facts are available and insufficient opportunity is afforded for their production. Decision reversed on the law and the matter remitted to the Workmen’s Compensation Board for further proceedings, with costs against the Workmen’s Compensation Board. Brewster, Deyo, Bergan and Coon, JJ., concur; Foster, P. J., dissents in the following memorandum: I am unable to concur for a reversal in this case because I think our court is committed to the doctrine that no appeal lies from a denial of the board of an application to reopen (Matter of Mittiga v. United States Aluminum Co., 227 App. Div. 680; Matter of Strand v. Harris Structural Steel Co., 234 App. Div. 341; Matter of Foerg v. Sackett & Wilhelms Corp., 249 App. Div. 900). Against the foregoing there is the lone case of Matter of Conklin v. Dowd Co. (251 App. Div. 903), where a motion to dismiss the appeal of a claimant, from an order of the board denying his application to reopen, was denied. The court there decided three to two, and what subsequently became of the case does not appear. This lone exception should not destroy the policy of the court, the rationale of which, in my opinion, rests in the summary character of compensation cases.