Leo THOMAS, Appellant,

v.

Charles EINBINDER, Deputy Commis-
sioner, District of Columbia Compensa-
tion District, Bureau of Employees'
Compensation, and Henry C. Bungie,
T/A Washington-Solomon's Freight
Line, Appellees.

No. 16854.

United States Court of Appeals
District of Columbia Circuit.

Argued May 22, 1962.

Decided June 14, 1962.

———◆———

Mr. Reginald B. Jackson, Washington,
D. C., for appellant.

Mr. Herbert P. Miller, Asst. Sol., Dept.
of Labor, with whom Messrs. Charles
Donahue, Sol., Dept. of Labor, David C.
Acheson, U. S. Atty., Charles T. Duncan,
Principal Asst. U. S. Atty., and Nathan
J. Paulson, Asst. U. S. Atty., were on the
brief, for appellee Deputy Commissioner.

No appearance was entered for ap-
pellee Henry C. Bungie, T/A Washing-
ton-Solomon's Freight Line.

Before FAHY, WASHINGTON and
WRIGHT, Circuit Judges.

PER CURIAM.

At the threshold of this case is the
question whether the District Court had
jurisdiction, under § 21(b) of the Long-
shoremen's and Harbor Workers' Com-
pensation Act, 33 U.S.C. § 921(b), to re-
view the Deputy Commissioner's action
denying compensation.  Insofar as the
suit below sought review of the original
order rejecting the claim, it was brought
too late unless the thirty-day period spe-
cified in § 21(a), 33 U.S.C. § 921(a), was
suspended during the pendency of an
application for reconsideration filed by
the claimant during that period under §
22, 33 U.S.C. § 922.  That problem does
not appear to have been resolved in any
reported decision.  A further question is
whether the discretionary denial of an
application for reconsideration under §
22 is itself reviewable under § 21(b)
within thirty days of its entry.  Deci-
sions of the federal courts and of the
courts of New York, whose compensation
law was the model for the Longshore-
men's Act, indicate that it is not.  See
Pillsbury v. Alaska Packers Ass'n, 9 Cir.,
85 F.2d 758; W. R. Grace & Co. v. Mar-
shall, W.D.Wash., 56 F.2d 441; Foerg v.
Sackett & Wilhelms Corporation, 249
App.Div. 900, 292 N.Y.S. 839; Strand
v. Harris Structural Steel Co., 234 App.
Div. 341, 255 N.Y.S. 228, 229; Mittiga
v. United States Aluminum Company,
227 App.Div. 680, 236 N.Y.S. 852.  Yet,
since such an application may result in
the issuance of a "new compensation or-
der," it is hard to see why the ruling on
the application does not fall within §
21(b).

It is not clear how the District Court
resolved these jurisdictional questions.
And, fortunately, it is unnecessary for us
to do so.  For we conclude, on the merits,
that the case turns on a question of fact
as to which the Deputy Commissioner's

finding is supported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

Affirmed.