304 F.2d 629
 113 U.S.App.D.C. 52
 Leo THOMAS, Appellant,
v.
Charles EINBINDER, Deputy Commissioner, District of Columbia
Compensation District, Bureau of Employees'
Compensation, and Henry C. Bungie, T/A
Washington-Solomon's Freight
Line, Appellees.
 No. 16854.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 22, 1962.
Decided June 14, 1962.
 
 Mr. Reginald B. Jackson, Washington, D.C., for apppellant.
 Mr. Herbert P. Miller, Asst. Sol., Dept. of Labor, with whom Messrs. Charles Donahue, Sol., Dept. of Labor, David C. Acheson, U.S. Atty., Charles T. Duncan, Principal Asst. U.S. Atty., and Nathan J. Paulson, Asst. U.S. Atty., were on the brief, for appellee Deputy Commissioner.
 No appearance was entered for appellee Henry C. Bungie, T/A Washington-Solomon's Freight Line.
 Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.
 PER CURIAM.
 
 
 1
 At the threshold of this case is the question whether the District Court had jurisdiction, under 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 921(b), to review the Deputy Commissioner's action denying compensation. Insofar as the suit below sought review of the original order rejecting the claim, it was brought too late unless the thirty-day period specified in 21(a), 33 U.S.C. 921(a), was suspended during the pendency of an application for reconsideration filed by the claimant during that period under 22, 33 U.S.C. 922. That problem does not appear to have been resolved in any reported decision. A further question is whether the discretionary denial of an application for reconsideration under 22 is itself reviewable under 21(b) within thirty days of its entry. Decisions of the federal courts and of the courts of New York, whose compensation law was the model for the Longshoremen's Act, indicate that it is not. See Pillsubury v. Alaska Packers Ass'n, 9 Cir., 85 F.2d 758; W. R. Grace & Co. v. Marshall, W.D.Wash., 56 F.2d 441; Foerg v. Sackett & Wilhelms Corporation, 249 App.Div. 900, 292 N.Y.S. 839; Strand v. Harris Structural Steel Co., 234 App.Div. 341, 255 N.Y.S. 228, 229; Mittiga v. United States Aluminum Company, 227 App.Div. 680, 236 N.Y.S. 852. Yet, since such an application may result in the issuance of a 'new compensation order,' it is hard to see why the ruling on the application does not fall within 21(b).
 
 
 2
 It is not clear how the District Court resolved these jurisdictional questions. And, fortunately, it is unnecessary for us to do so. For we conclude, on the merits, that the case turns on a question of fact as to which the Deputy Commissioner's finding is supported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.
 
 
 3
 Affirmed.