## LAKE ERIE & WESTERN RAILROAD COMPANY *v.* STATE PUBLIC UTILITIES COMMISSION OF ILLINOIS EX REL. CAMERON.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 204.   Argued March 13, 1919.—Decided April 14, 1919.

An order of a state commission, under legislative authority, requiring a railroad to restore a siding, is a state law within the meaning of the provisions of the Constitution and acts of Congress regulating the jurisdiction of this court. P. 424.

Under the laws of Illinois, a side track of a railroad company, used principally in moving freight from and to a particular plant, *held* open to use by the public and subject to public control like other parts of the railroad,—impressed with a public character. *Id.*

*Chicago & Northwestern Ry. Co.* v. *Ochs, ante,* 416, followed, as to the

power of a State to require a railroad company at its own expense to restore a siding, used principally by a particular plant but available generally as a public track, owned and controlled by the railroad as part of its system.   P. 424.

Such a requirement does not take the company's property for private use, or for public use without compensation, in contravention of the Fourteenth Amendment.   P. 425.

277 Illinois, 574, affirmed.

THE case is stated in the opinion.

*Mr. George B. Gillespie,* for plaintiff in error, submitted. *Mr. Jno. B. Cockrum* was also on the briefs.

*Mr. C. S. Schneider,* with whom *Mr. Edward J. Brundage,* Attorney General of the State of Illinois, *Mr. Albert D. Rodenberg, Mr. William E. Trautman* and *Mr. Raymond S. Pruitt* were on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

For twenty-five years the Lake Erie & Western Railroad Company maintained and operated on its right of way at Elliott, Illinois, a side track passing a grain elevator and coal yard operated by one Cameron.   The elevator stood partly on the right of way and partly on ground owned by Cameron, his occupancy of the former being under a lease.   In May, 1915, the elevator was destroyed by fire, whereupon the company exercised a reserved option to cancel the lease and also took up the side track.   Cameron protested against the latter, proceeded to rebuild the elevator at its former location, but wholly on his own ground, and in June, 1915, filed with the Public Utilities Commission a petition praying that a restoration of the track be ordered.   After notice and hearing the commission granted such an order and it was upheld by the circuit and supreme courts of the State.   277 Illinois, 574.

It is contended here, as it was in the state courts, that the order contravenes the due process of law clause of the Fourteenth Amendment, in that it takes property of the railroad company for private use, or for public use without compensation.

Such an order, being legislative in its nature and made by an instrumentality of the State, is a state law within the meaning of the Constitution of the United States and the laws of Congress regulating our jurisdiction. *Grand Trunk Western Ry. Co.* v. *Railroad Commission of Indiana*, 221 U. S. 400, 403; *Ross* v. *Oregon*, 227 U. S. 150, 162–163; *Home Telephone & Telegraph Co.* v. *Los Angeles*, 227 U. S. 278, 295–296; *Atlantic Coast Line R. R. Co.* v. *Goldsboro*, 232 U. S. 548, 555; *Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 660–661; *Arkadelphia Milling Co.* v. *St. Louis Southwestern Ry. Co.*, 249 U. S. 134.

Under the laws of the State the side track before its removal, although used principally in moving freight from and to Cameron's elevator and coal yard, was open to use by the public and subject to public control like other parts of the company's road; in other words, it was a track which the State impressed with a public character. *Truesdale* v. *Peoria Grape Sugar Co.*, 101 Illinois, 561, 567; *Chicago Dock & Canal Co.* v. *Garrity*, 115 Illinois, 155, 167, 171; *Chicago & Alton R. R. Co.* v. *Suffern*, 129 Illinois, 274, 286. Not only so, but the statute under which its restoration was ordered contains express provisions whereby it will retain that character and be open to use by other shippers as well as by Cameron. Hurd's Stats., 1916, c. 111a, § 45.

The shipments for which the track has been used have yielded the company a revenue of about $20,000 each year for several years. What the cost of restoration will be the record does not disclose, but the commission, with knowledge of such matters, has found that it is justified by the business reasonably to be expected; and the Su-

preme Court of the State, besides sustaining that and other findings of the commission, aptly points out that but for the hasty and improper removal of the track the company "would not be at the expense of replacing it." When the track is restored the company will own it and be entitled to make a reasonable charge for its use, just as is the case with other property employed in the company's transportation service.

Applying the decision just announced in *Chicago & Northwestern Ry. Co.* v. *Ochs, ante,* 416, we think the order does not take property of the company for private use, or for public use without compensation, in contravention of the Fourteenth Amendment.

*Judgment affirmed.*