## HOWARD et al. v. MONAHAN. *

District Court, S. D. Texas, at Houston.
January 5, 1929.

No. 335.

*For opinion on rehearing, see 32 F.(2d) ——.

Cole, Cole, Patterson & Kemper, of Houston, Tex., for plaintiffs.

H. M. Holden, U. S. Atty., of Houston, Tex., for Monahan.

Royston & Rayzor, of Galveston, Tex., for intervener Texas Employers' Ins. Ass'n.

HUTCHESON, District Judge. This is a proceeding brought by claimant under the authority of section 21 of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 921), to review a compensation order rejecting her claim.

The petition sets up that there were two claims filed, one for disability prior to the death of Tusan Howard, and one for benefits filed after his death. These claims were known on the deputy commissioner's docket as Case No. 32—24. The transcript of testimony at the hearing is styled "Case No. 32—24." The compensation order of the commissioner is as follows:

"Findings of Fact.

"That on the 15th day of October, 1927, the above-named employee was in the employ of the employer above named at Houston, in the state of Texas, in the Eighth compensation district, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said act was insured by Texas Employers' Insurance Association.

"That on October 15, 1927, about 4 p. m.,

while engaged in stowing cotton on board the steamship Conness Peak, which steamship was lying in the Houston Ship Channel, Houston, Texas, the said Tusan Howard was struck in the right knee by a bale of cotton, and his right knee and leg were jammed against cargo already stowed.

"That the average weekly wages of said Tusan Howard was $20.

"That said Tusan Howard died February 9, 1928.

"That notice of death was given to the employer and to the deputy commissioner within 30 days from the date of death.

"That Lula Howard is the surviving wife of Tusan Howard.

"That Soloman Dave, born December 7, 1913, Leroy Dave, born January 10, 1915, and Elinor Dave, born July 30, 1917, were the stepchildren of said Tusan Howard, deceased, and were living with and dependent upon him for support at the time of the injury.

"Upon the foregoing facts it ordered that the claim be and it is hereby rejected for the following reasons:

"That the death of said Tusan Howard was not caused by the injury sustained by said Tusan Howard October 15, 1927."

Plaintiffs challenge the order as not in accordance with law (1) because they say that the evidence permitted no reasonable conclusion other than that claimant's death was caused by the injury; and (2) that the findings of fact of the commissioner peremptorily require a finding of law that the claim for disability prior to death should have been allowed.

Upon the first contention I do not agree with plaintiffs. I have carefully read the record, and find in it ample evidence to sustain the commissioner's conclusion that the death of Tusan Howard was not caused by his injury. This being so, his rejection of the death claim could not be in law erroneous.

Upon the other contention, however, I think plaintiffs clearly correct, and that the commissioner should have made an award upon the claim of disability prior to death, and the injunctive order will be denied as to so much of the award as rejects the death claim, and granted as to so much of the order as fails to make an award for compensation for disabilities prior to death, and the case on that claim will be referred back to the commissioner for findings and order thereon.

Much argument was presented and contention made as to the power of Congress to enact the law in the form in which it stands, and to provide for the procedure as outlined; the intervener, Texas Employers' Insurance Association, contending that the cause should be docketed in admiralty, and not in equity, and claimants contending that the court should not only enjoin the award of the commissioner, but make an award himself.

I think it very plain that Congress had the power to enact the law, just as it did enact it; that the proceedings should be brought in equity, just as specifically provided in the act; and that this court has no authority to make an award, but its authority is limited to enjoining or affirming the award of the commissioner, with the right in the court, if the award is enjoined, to direct the commissioner to proceed to make a new award in accordance with the law.

Plaintiffs also with great vigor and much learning attack the order of the commissioner as invalid, in that it does not contain findings of fact which clearly support the conclusion of law. While it is true that the commissioner does present his conclusion that the injury was not the cause of Tusan Howard's death, not as a specific finding of fact, but as a general conclusion, following other findings of fact, I think it does not admit of any other conclusion than that it is a finding of fact. But, whether so or not, I do not agree with plaintiffs' contention that the law requires the commissioner to make a special verdict, which finds every fact necessary to support his conclusion, and that failure to do it constitutes error of law. I think it a sufficient compliance with the law for the commissioner to approve or reject the claim.

I do, however, concur with the plaintiff in her contention that, in the interest of good administration, the commissioner should make specific and complete findings, in order to enable the court to more readily determine whether his conclusion is in accordance with law, and I adopt and thoroughly approve, as applied to the commissioner, the views of the Supreme Court of the United States in Virginian R. Co. v. United States, 272 U. S. 674, 47 S. Ct. 222, 71 L. Ed. 463, as to the proper action of the District Judge in making findings in complicated cases, so as to assist the reviewing court in readily determining what the commissioner did, and whether his action in doing so was in accordance with the law.