**BENSON v. CROWELL, Deputy Commissioner, et al.**

District Court, S. D. Alabama, S. D. May 27, 1929.

No. 125.

138

Outlaw, Kilborn & Smith, of Mobile, Ala., and Harry T. Smith & Caffey, of Mobile, Ala., for complainant.

Pillans, Cowley & Gresham, of Mobile, Ala., for Knudson.

Alex C. Birch, U. S. Atty., of Mobile, Ala., for Crowell.

ERVIN, District Judge. This is a proceeding filed by Benson against Crowell as deputy commissioner for the seventh compensation district, appointed and acting under and by virture of act of Congress known as the Longshoremen's and Harbor Workers' Compensation Act, and against J. B. Knudson, who claimed to have suffered an injury while working for Benson.

The deputy commissioner allowed Knudson's claim, and the proceeding was filed by Benson under subdivision (b) of section 21 of said act, which is found in United States Statutes at Large, vol. 44, part 2, page 1436 (33 USCA § 921(b). The proceeding as amended attacks the act as violative of several provisions of the Constitution, and charges that the proceedings had before the deputy commissioner were not in accordance with law. The act has never yet been construed by the Supreme Court, but it has been before several of the District Courts.

In Obrecht-Lynch Corp. v. Clark (D. C.) 30 F.(2d) 144, Judge Coleman held the act to be constitutional, and also held that the provision under subdivision (b), section 21, should be confined to a review of the testimony presented to and considered by, the deputy commissioner.

Judge Hutcheson, in Howard v. Monahan (D. C.) 31 F.(2d) 480, also held that the appeal under subdivision (b) to the District Court is limited to enjoining or affirming the award of the commissioner, with the further right, if enjoined, to direct the commissioner to proceed to make a new award in accordance with law.

Judge Peters, on April 2d in the case of Patrick J. Joyce v. United States Deputy Commissioner in the First Compensation District 33 F.(2d) 218 held that it was plain the courts are not authorized to interfere, unless the award is clearly not in accordance with law. He says: "There is no appeal from the findings of the deputy commissioner. His award is final. It is only when it is shown he has not proceeded according to law that the court has any jurisdiction."

The only one of these three opinions which purports directly to discuss the question of constitutionality is that of Judge Coleman, but the question as raised before me brings the matter in a different light from that considered by him.

The Compensation Act provides for the filing of a petition with the deputy commissioner, a hearing by him, and an order to be made by him on the hearing. It is then provided by section 18 of the act (33 USCA § 918) that, if the employer delays over 30 days before complying with the award of the deputy commissioner, he may investigate the matter and make a supplementary order declaring the amount of the default which shall be filed in the same maner as the compensation order. A certified copy of such supplementary order may be filed with the clerk of the federal District Court.

"Such supplementary order of the deputy commissioner shall be final, and the courts shall upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit."

In section 21, subd. b (33 USCA § 921), it is said:

"If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred."

In the proceedings to enjoin the deputy commissioner a number of constitutional objections are raised, but they narrow down to two:

First, section 2, article 3, which reads: "The judicial power shall extend  *  *  *  to all cases of admiralty and maritime jurisdiction."

Second, the Fifth Amendment to the Constitution, which provides that no person shall be "deprived of life, liberty, or property, without due process of law."

It is urged upon me in the first instance that the hearing before the commissioner is not a judicial hearing by an admiralty court, but a mere fact finding statutory proceeding had before an administrative officer under the provisions of this Compensation Act, and therefore that there was no exercise of the judicial power vested by the Constitution in the Supreme Court and such inferior courts as the Congress may from time to time ordain and establish.

In Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. ——, June 3, 1929, the Supreme Court, in discussing a similar administrative function of the government, says: "The Board of Tax Appeals is not a court. It is an executive or administrative board, upon the decision of which the parties are given an opportunity to base a petition for review to the courts after the administrative inquiry of the board has been had and decided."

■ In Farrell v. Waterman S. S. Co. (D. C.) 291 F. 604, I discussed this question and expressed my view that such inferior courts as Congress from time to time established were invested with power directly by the constitutional provision just as positively as was the Supreme Court, though Congress could apportion this power among such inferior courts as it chose to ordain and establish. The investment of judicial power, however, came from the Constitution and not from the act of Congress creating the court. I see no cause to change the view then expressed, but am more convinced of it now than at the time I wrote the opinion. London Guarantee & Accident Co. v. Industrial

Accident Com'n, 279 U. S. 109, 49 S. Ct. 296, 73 L. Ed. ——, April 8, 1929; Ex parte Bakelite Corp., 279 U. S. 438, 49 S. Ct. 411, 73 L. Ed. ——, May 20, 1929.

■ I think every one will concede that the proceeding before the deputy commissioner was not a judicial proceeding, but was a mere statutory proceeding by an administrative officer directed and controlled by the Longshoremen's Act.

In Murray's Lessee et al. v. Hoboken Land & Improvement Co., 18 How. p. 280, 15 L. Ed. 372, the court says, in speaking of the statutory proceedings provided by Congress for auditing the accounts of receivers of public moneys and filing the reports of the audit with the court:

"That the auditing of the accounts of a receiver of public moneys may be, in an enlarged sense, a judicial act, must be admitted. So are all those administrative duties the performance of which involves an inquiry into the existence of facts and the application to them of rules of law. In this sense the act of the President in calling out the militia under the act of 1795, [Martin v. Mott], 12 Wheat. 19 [6 L. Ed. 537], or of a commissioner who makes a certificate for the extradition of a criminal, under a treaty, is judicial. But it is not sufficient to bring such matters under the judicial power, that they involve the exercise of judgment upon law and fact. United States v. Ferreira, 13 How. 40 [14 L. Ed. 42]. It is necessary to go further, and show not only that the adjustment of the balances due from accounting officers may be, but from their nature must be, controversies to which the United States is a party, within the meaning of the second section of the third article of the constitution. We do not doubt the power of Congress to provide by law that such a question shall form the subject-matter of a suit in which the judicial power can be exerted. The act of 1820 [3 Stat. 592] makes such a provision for reviewing the decision of the accounting officers of the treasury. But, until reviewed, it is final and binding; and the question is, whether its subject-matter is necessarily, and without regard to the consent of Congress, a judicial controversy. And we are of the opinion it is not."

On page 275 of the opinion in the same case it is said:

"It must be admitted that, if the auditing of this account, and the ascertainment of its balance, and the issuing of this process, was an exercise of the judicial power of the United States, the proceeding was void; for the officers who performed these

acts could exercise no part of that judicial power. They neither constituted a court of the United States, nor were they, or either of them, so connected with any such court as to perform even any of the ministerial duties which arise out of judicial proceedings."

The question therefore arises whether or not the act under discussion undertakes to deprive the federal courts of judicial power conferred upon them by the Constitution.

The answer to this question depends somewhat as it did in the Murray Case upon the conclusions reached as to the due process clause, and I shall therefore now discuss that.

In the same case of Murray's Lessee on page 276 the court says:

"That the warrant now in question is legal process, is not denied. It was issued in conformity with an act of Congress. But is it 'due process of law'? The constitution contains no description of those processes which it was intended to allow or forbid. It does not even declare what principles are to be applied to ascertain whether it be due process. It is manifest that it was not left to the legislative power to enact any process which might be devised. The article is a restraint on the legislative as well as on the executive and judicial powers of the government, and cannot be so construed as to leave Congress free to make any process 'due process of law,' by its mere will. To what principles, then, are we to resort to ascertain whether this process, enacted by Congress, is due process? To this the answer must be two fold. We must examine the constitution itself, to see whether this process be in conflict with any of its provisions. If not found to be so, we must look to those settled usages and modes of proceeding existing in the common and statute law of England, before the emigration of our ancestors, and which are shown not to have been unsuited to their civil and political condition by having been acted on by them after the settlement of this country."

On page 280 of the same opinion it is said:

"For, though 'due process of law' generally implies and includes actor, reus, judex, regular allegations, opportunity to answer, and a trial according to some settled course of judicial proceedings (2 Inst. 47, 50; Hoke v. Henderson, 4 Dev. [15] N. C. 15 [25 Am. Dec. 677]; Taylor v. Porter, 4 Hill [N. Y.] 146 [40 Am. Dec. 274]; [Vanzant] v. Waddel, 2 Yerg. [Tenn.] 260; State Bank v. Cooper, Ibid. [2 Yerg.

(Tenn.)] 599 [24 Am. Dec. 517]; Jones' Heirs v. Perry, 10 Ibid. [Yerg. (Tenn.)] 59 [30 Am. Dec. 430]; Greene v. Briggs [Fed. Cas. No. 5764] 1 Curtis, 311), yet, this is not universally true. There may be, and we have seen that there are cases, under the law of England after Magna Charta, and as it was brought to this country and acted on here, in which process, in its nature final, issues against the body, lands, and goods of certain public debtors without any such trial; and this brings us to the question, whether those provisions of the constitution which relate to the judicial power are incompatible with these proceedings?"

The court then proceeded to show that against public debtors there were summary proceedings recognized in Great Britain and in this country which made the proceedings in that case "due process of law."

In the instant case, where the employee is seeking to hold the employer liable for an injury suffered by the employee in the performance of his duty, there certainly never was any summary or ministerial proceedings recognized either by the common law in England, or by the practice in this country, which permitted a liability to be fastened upon the employer, and his property to be subjected to this demand, until after a judicial trial of the rights and questions involved.

The court says in the same Murray Case on page 284:

"To avoid misconstruction upon so grave a subject, we think it proper to state that we do not consider congress can either withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty; nor, on the other hand, can it bring under the judicial power a matter which, from its nature, is not a subject for judicial determination."

I think no one would be so hardy as to contend that the proceeding provided for in this Compensation Act was a judicial determination of the rights of an employee as against the employer, and, unless there is to be found in the act, either by appeal, injunction, or otherwise, the right of the parties to have the liability determined by judicial process and hearing, then the act is unconstitutional.

It has been urged upon me, as undoubtedly it was upon the other judges who had this act before them, that the court is limited by the act, in its hearing on the injunction, to the question whether or not there was any evidence offered before the deputy commissioner on which he could have found

liability, and that the court, under the terms of the act, cannot have a hearing de novo and pass upon the merits of the case, but is limited to the question whether or not the commissioner on the evidence before him could have found liability.

If this be true, then it seems to me necessarily the act was beyond the power of Congress, and is void.

In Ohio Valley Water Co. ·v. Ben Avon Borough, 253 U. S. 288, 40 S. Ct. 527, 64 L. Ed. 908, a case in which under a Pennsylvania statute a valuation of a water works concern by a Public Service Commission of Pennsylvania was made for the purpose of determining a fair rate to be charged by the water company, Mr. Justice McReynolds, writing for the court, on page 289 (40 S. Ct. 528) says:

"Looking at the entire opinion we are compelled to conclude that the Supreme Court interpreted the statute as withholding from the courts power to determine the question of confiscation according to their own independent judgment when the action of the Commission comes to be considered on appeal.

"The order here involved prescribed a complete schedule of maximum future rates and was legislative in character. Prentis v. Atlantic Coast Line Co., 211 U. S. 210 [29 S. Ct. 67, 53 L. Ed. 150]; Lake Erie & Western R. R. Co. v. State Public Utilities Commission, 249 U. S. 422, 424 [39 S. Ct. 345 (63 L. Ed. 684)]. In all such cases, if the owner claims confiscation of his property will result, the State must provide a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts; otherwise the order is void because in conflict with the due process clause, Fourteenth Amendment."

■ The Fourteenth Amendment applies to the states, while the Fifth applies to the federal government.

I· can see no distinction between valuing the property of a waterworks plant for rate-making purposes, by a commission, and the determination by a deputy commissioner that an employer is liable to an employee for a given sum because of an injury suffered while in the employment. In the one case, the waterworks plant is denied a proper return upon its investment, so its property is taken without due process of law, while in the other the property of the employer is subjected to execution and sale to pay the award made by the deputy commissioner, and so his property is taken without

due process of law. In fact, the latter is the more direct loss, for, while one is denied the right to make a profit, the other is deprived of property already earned.

Certainly proceedings by a commissioner under this act is not more due process than was the hearing by the Public Service Commission in fixing the rates. In neither instance was there a judicial hearing and determination of the rights of the respective parties. If anything, there is less due process as against an employer of labor because it is common knowledge that he was in no sense carrying on a public function but was conducting a private business.

Can the provisions of the act in question be treated in any way as giving to the admiralty courts the power to·hear and determine the facts as well as the law? In section 18 of the Compensation Act it is provided that, in case of default by the employer of the payment of the award within 30 days, the deputy commissioner may have an investigation and determine the amount of the default, and that this determination may be filed in the federal District Court, and it then said: "such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of a copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. *Review of the judgment so entered may be had as in civil suits for damages at common law.*" (Italics mine.)

Now, what judgment was it that might be reviewed as in civil suits for damages at common law? Was it the judgment of the deputy commissioner or was it the judgment of the District Court? Apparently it was the judgment of the District Court, for the provision was that such supplementary order of the deputy commissioner shall be final, and the court shall enter judgment for the amount declared in default. The only judgment referred to apparently was the judgment of the court. If the judgment of the court, however, was to be reviewed, what error could be found by any other court if the court was required by the act to enter judgment in the amount found by the deputy commissioner?

Did Congress intend to require the court to enter its order merely on the finding of the deputy commissioner, and to make that order final. Was the court to make its order without .any hearing of the facts, to submit its judgment to the domination of the deputy commissioner because the act said do it? If so, would not this of itself be an

unconstitutional requirement? How can the Congress require a court to enter a judgment as between private citizens without a hearing of the facts by the court?

However, we find that the court was to enter judgment for the amount declared in default, by the supplementary order. "If such supplementary order is in accordance with law," so apparently by the very terms of the act the court was required to investigate the findings of the deputy commissioner to see if they were in accordance with law. It therefore appears likely that it was the judgment of the deputy commissioner which was to be reviewed.

Subdivision (b) of section 21 says: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings."

That is the same term used in section 18, namely, "Is in accordance with law." What did the Congress mean by these words? Surely they did not mean to limit the court in considering the order of the commissioner to the determination that there was no evidence considered by him which would authorize a decree. If on the hearing before the commissioner the evidence did not justify a compensation order by him, then his order would not be in accordance with law. Again, if the evidence offered before the court on the application for an injunction, on the hearing on such application, showed that the award should not be made, then surely the award would not be in accordance with law, because, to be in accordance with law, the facts of the case should justify the award. Again, it is said the "order may be suspended or set aside, in whole or in part." Now, if the court is to set it aside in whole or in part, does that not indicate an intention that the court was to have all the facts before it, for, if the court was not confined in its determination to the question, whether the award as a whole was in accordance with law, it must be that Congress intended the court to do complete justice, and to do this the court must have all the facts before it. Again, it will be noticed that there is no provision or requirement for remanding the case to the deputy commissioner. If the court is to set it aside in whole or in part, the court is to write the final judgment, and, if so, it should be only after hearing all the facts.

■ I cannot conceive that Congress ever meant to deprive the employer of labor of the right to a fair judicial hearing before providing that his property might be subjected to the payment of any demands, and therefore I am inclined to treat these provi-

sions found in the act as authorizing the court to go into the real facts and grant a hearing de novo, for it is only by so construing the act that I can hold it to be constitutional.

I feel it my duty to stretch all uncertain expressions used by Congress as far as possible in order to hold the act constitutional, just as the Supreme Court did in Liu Hop Fong v. United States, 209 U. S. 453, 28 S. Ct. 576, 52 L. Ed. 888. Certainly the Congress intended there should be an appeal from the ruling by the deputy commissioner to the federal District Court, and it is only by treating such appeal as one granting to the court the right to consider the question of fact as well as of law that the act is to be held constitutional. So construed, the act conforms to both the constitutional provisions discussed, while the other construction would violate both.

■ As a question of practice, the provisions of subdivision (b) § 21, would ordinarily be treated as being on the equity side because the trial or hearing by the court is had through injunctive process, but remembering that the injuries provided for by the act are had in maritime cases, and the act only states that it should be entered "in the federal District Court for the judicial district in which the injury occurred."

I hold that the proper court for an injunction to be brought is the admiralty side of this court.

The motion to dismiss the proceedings will therefore be overruled, and the court will grant a hearing on the facts and the law to ascertain if the proceedings before the deputy commissioner were in accordance with law.