**GLOBE STEVEDORING CO., Inc., v.
PETERS et al.**

No. 445.

District Court, S. D. Texas, Houston
Division.

May 12, 1931.

Royston & Rayzor, of Houston, Tex., for
complainant.

Thad E. King, of Galveston, Tex., for respondents.

KENNERLY, District Judge.

This is a hearing on plaintiff's application for a temporary injunction. The facts as set forth in plaintiff's bill, and its Exhibits, are substantially as follows:

The steamship Abercos was owned, maintained, and operated by the United States of America, and/or the United States Shipping Board, and/or the United States Shipping Board Merchant Fleet Corporation. Plaintiff, Globe Stevedoring Company, Inc., was, on May 14, 1930, under a contract with such owner, for loading such steamship with a cargo consisting of lead.

J. E. Peters was on and prior to May 14, 1930, an employee of plaintiff, and as such employee was on that date so engaged in loading such steamship at the port of Galveston, Tex., and, while so engaged, was injured by dropping a piece of lead on his foot. .

In plaintiff's bill, it is alleged that the contract between such owner and plaintiff contains the following language:

"14. The owner shall, at its own cost and expense, carry the following insurance protection by policies insuring the Owner, which shall provide that for the purposes of insurance therein provided all employees of the Stevedore engaged in the work covered by this contract shall be considered employees of the Owner:

"(a) Liability arising under Workmen's compensation laws of the state in which the stevedoring is performed for injury to or death of employees and also liability arising under the provisions of the Act of Congress approved March 4th, 1927, entitled 'Longshoremen's and Harbor Workers' Compensation Act' (Public #803.)

"(b) Employer's liability for which the Stevedore is legally liable to employees in an amount of not less than $10,000.00 as respects bodily injury to or death of one person and subject to that limit for each person and in an amount of not less than $20,000 as respects bodily injury to or death of more than one person on account of any one accident.

"(c) Liability to the public in the amount of not less than $10,000.00 indemnity as respects bodily injury to or death of one person and subject to that limit for each person and in a total amount of not less than $20,000.00 as respects bodily in-

jury to or death of more than one person on account of any one accident."

Plaintiff sets forth that it did not itself provide insurance coverage under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.), but relied for protection upon insurance coverage provided by such owner, and the action of such owner is set forth as follows: "In pursuance to the terms of said agreement and prior to May 14th, 1930, the United States of America and/or United States Shipping Board and/or United States Shipping Board Merchant Fleet Corporation became a subscriber to Lumbermen's Reciprocal Association and executed a power of attorney to Christie-Hobby, Inc., managers of said Association, as was usual and customary for subscribers and policy holders in said Association and received a policy of insurance from said Association protecting United States of America and/or United States Shipping Board and/or United States Shipping Board Merchant Fleet Corporation and its subcontractors, one of which was the plaintiff, from and against liability for the payment of compensation to longshoremen injured upon vessels of the United States while engaged in the business of loading and unloading said vessels. The premiums on said policy covering employees of the plaintiff, and more particularly J. Peters on May 14th, 1930, while at work aboard merchant vessels of the United States, were paid by the United States of America, and/or United States Shipping Board and/or United States Shipping Board Merchant Fleet Corporation in accordance with the terms and provisions of the contract between plaintiff, subcontractor, and the owner of the S/S Abercos, as hereinbefore set forth."

It is further alleged that on October 10, 1930, the deputy commissioner under such Compensation Act made an award of compensation for such injury in favor of said Peters, and against plaintiff and said Lumbermen's Reciprocal Insurance Association, a copy of which award is attached to plaintiff's bill, and that thereafter this court, on February 5, 1931, entered a judgment on, and to enforce, such award in cause No. 1056, J. E. Peters v. Globe Stevedoring Company et al.

Plaintiff seeks to enjoin the enforcement and collection of such judgment upon grounds set forth in paragraph 15, which I now take up separately:

■ I. The second ground of relief relied upon by plaintiff is as follows: "In that the plaintiff was a subcontractor at the times hereinabove mentioned and under the facts herein alleged is not liable for the payment of compensation."

Section 904 of title 33, USCA, reads as follows:

"Liability for compensation. (a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this chapter. *In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment.*

"(b) Compensation shall be payable irrespective of fault as a cause for the injury."

Plaintiff claims that, under this section and under the alleged contract between the plaintiff and the owner of the vessel, plaintiff is not liable to Peters under such Compensation Act.

With this view I cannot agree. I do not think the latter portion of section 904 was inserted to *exclude* subcontractors such as plaintiff claims to be, but to *include* contractors such as plaintiff claims the owner to be, and to then provide that *either* the contractor or subcontractor shall secure the payment of the compensation, etc. This is the reasonable construction and in harmony with the spirit of the act and with the other sections thereof.

■ II. Plaintiff's first and third grounds are as follows:

"1. In that the plaintiff was not given an opportunity to appear and present its defenses and contest the claim herein and did not have its day in court."

"3. In that the plaintiff has been deprived of its property without due process of law."

A portion of section 920 of title 33 of USCA, reads as follows:

"*Presumptions.* In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed, in the absence of substantial evidence to the contrary— * * *

"(b) That sufficient notice of such claim has been given. * * *"

Two kinds of notice to plaintiff seem to be required by such Compensation Act; the first by section 912 of such title 33, and the other by section 919 of such title.

The notice under section 912 was required to be in writing, to be given by Peters, within thirty days after his injury, to the deputy commissioner and to plaintiff (subdivision "a"), and must contain the name and address of Peters, and certain information regarding the injury (subdivision "b"). Such notice was required to be delivered to such deputy commissioner and plaintiff, or sent to them, by mail (subdivision "c").

Subdivision "d" of such section is as follows: "Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury or death."

All of plaintiff's allegations respecting notice to it are to be found in paragraphs 12 and 13 of plaintiff's bill, reading as follows (italics mine):

"On the 10th day of October A. D. 1930, the Deputy Commissioner aforesaid, issued the compensation award hereto attached, directing the plaintiff to pay compensation and medical charges according to the terms of said award. *Prior to the issuance of said award, the plaintiff had no knowledge that a claim would be asserted against it for compensation and other charges or that the said Deputy Commissioner would issue an order condemning the plaintiff to pay according to the terms of the award hereto attached and as a result thereof the plaintiff was not afforded an opportunity to appear before the said Deputy Commissioner as by law provided and present its defenses to the claim of J. Peters and was thereby deprived of its day in court.*

"The said award on which judgment was entered as alleged was issued without a hearing as contemplated and provided by the terms of the Longshoremen and Harbor Workers' Compensation Act, without a record of the proceeding being made, as provided by law, *without service of notice to the plaintiff that a claim was being asserted against it by the said J. Peters and without the plaintiff being afforded an opportunity to appear in a hearing and present its defenses, as provided by law.*"

There is no allegation that plaintiff did not have knowledge of the injury to Peters, etc. Neither is there an allegation that the deputy commissioner did not excuse the giving of such notice, etc. In other words, there are no allegations negativing the matters and things set forth in subdivision "d" of section 912. For aught that appears in plaintiff's bill, plaintiff may have known of the injury of Peters, its employee, etc. This manner of allegation and pleading is insufficient to overturn the presumptions required to be indulged under section 920 above quoted. Again, the deputy commissioner, in his award, after reciting the injury, says: "That within thirty days thereafter the Deputy Commissioner and the employer received due notice of the said personal injuries."

There is no direct denial of this recital in the award. To obtain relief in equity, the bill must be clear and specific, particularly in the face of a direct and positive finding of the deputy commissioner.

Subdivision "b" of section 919 reads as follows: "Within ten days after such claim is filed the deputy commissioner, in accordance with regulations prescribed by the commission, shall notify the employer and any other person (other than the claimant), whom the deputy commissioner considers an interested party, that a claim has been filed. Such notice may be served personally upon the employer or other person, or sent to such employer or person by registered mail."

In view of section 920 and the presumptions in support of the award indulged by reason thereof, I think plaintiff, in order to entitle it to the relief asked, must specifically negative subdivision "b" quoted above, and set forth that the deputy commissioner did not notify it of the filing of this claim, and did not serve notice personally or by registered mail, etc. The allegations of plaintiff fall quite short of being of that direct, specific, and frank character required to obtain relief in a court of equity.

Subdivision "c" of section 919 reads as follows: "The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect to the claim, and upon application of any interested party shall order a hearing thereon. If a hearing on such claim is ordered the deputy commissioner shall give the claimant and other interested parties at least ten days' notice of such hearing served personally upon the claimant and other interested parties

or sent to such claimant and other interested parties by registered mail, and shall within twenty days after such hearing is had, by order, reject the claim or make an award in respect of the claim. If no hearing is ordered within twenty days after notice is given as provided in subdivision (b), the deputy commissioner shall, by order, reject the claim or make an award in respect of the claim."

The award of the deputy commissioner attached to plaintiff's bill shows that no hearing was applied for by any interested party, nor considered necessary by the deputy commissioner; therefore, he was not required to give the notice in accordance with this subdivision.

The inference from plaintiff's bill is that it received notice on October 10, 1930, of the award. The award itself shows that a copy thereof was mailed to plaintiff on that date. I think that, under the Compensation Act, and particularly under section 927, the deputy commissioner had the power and authority, at any time during the thirty-day period mentioned in section 921, to give plaintiff all the relief to which it was entitled. No good reason is given why plaintiff did not apply to the deputy commissioner during such period for relief.

It is likewise true that plaintiff, under section 921, could have applied to this court for relief under the provisions of said section, within thirty days from and after October 10, 1930, the date of such award. Without going into details, it is only necessary to say that nowhere in plaintiff's bill does it satisfactorily, in my opinion, explain why it failed to avail itself of the provisions of section 921.

Again, plaintiff does not set forth with sufficient definiteness and particularity just what its defenses would have been before the deputy commissioner, or before this court under section 921. When plaintiff's bill is considered in connection with the exhibits thereto attached, it appears certain that Peters was an employee of plaintiff, and that, as hereinbefore discussed, plaintiff is liable to him under such Compensation Act. If the defense was that Peters was not employed and paid by plaintiff, or that Peters was not injured at all, that should have been clearly set forth. In other words, plaintiff's bill not only fails to affirmatively show diligence in presenting its defenses, if any it has, but fails to show with sufficient particularity just what those defenses are.

Subdivision "d" of section 921 reads as follows: "Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this chapter."

This quoted provision apparently excludes a suit such as this. Whether that be true, or not true, it certainly presents a strong reason for requiring plaintiff to set forth, in its bill, the matters and things herein discussed.

Whether there exists in this case facts which plaintiff may allege, and which would entitle it to relief, is another matter. I only pass upon the legal effect of plaintiff's bill as presented, and my conclusion thereon is that it, for the reasons discussed, does not show plaintiff entitled to a temporary injunction herein, and an order will enter, denying the application therefor.