### HOUSTON SHIP CHANNEL STEVEDORING CO. v. SHEPPEARD.

### No. 215.

District Court, S. D. Texas, Houston Division. July 20, 1931.

Royston & Rayzor, of Houston, Tex., for libelant.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex., for respondent.

KENNERLY, District Judge.

This is a proceeding in admiralty brought by the Houston Ship Channel Stevedoring Company under section 921, title 33, of the United States Code Annotated, to review, etc., an award made by respondent, G. Sheppeard, deputy commissioner for the eighth compensation district of the United States, under the Longshoremen's and Harbor Workers' Compensation Act, and a trial de novo thereof [Crowell v. Benson (C. C. A.) 45 F. (2d) 66; Id. (D. C.) 33 F.(2d) 137, 138; Id. (D. C.) 38 F.(2d) 306, 307], in the matter of an injury to one William Bauer. Under such award, it was found that Bauer was an employee of libelant, was injured, and is entitled to compensation under such act. Libelant, the Houston Ship Channel Stevedoring Company, and the Lumbermen's Reciprocal Association are required, under such award, to pay the said William Bauer the sum of $111.42 as compensation under said act, and to pay Dr. Louis J. Spivak, of Houston, Tex., $25 for medical and surgical treatment rendered the said Bauer.

On July 23, 1930, the steamship West Cohas was a merchant vessel of the United States, and was owned, maintained, and operated by the United States of America, and/or the United States Shipping Board, and/or the United States Shipping Board Merchant Fleet Corporation, hereinafter referred to as owner. On such date there was in existence a contract between such owner and libelant, one of the provisions of which contract is substantially as follows:

"14. The owner shall, at its own cost and expense, carry the following insurance protection by policies insuring the Owner, which shall provide that for the purposes of insurance therein provided all employees of the Stevedore engaged in the work covered by this contract shall be considered employees of the Owner:

"(a) Liability arising under Workmen's Compensation laws of the State in which the stevedoring is performed for injury to or death of employees and also liability arising under the provisions of the Act of Congress approved March 4th, 1927, entitled 'Longshoremen's and Harbor Workers' Compensation Act.' (Public # 803.)

"(b) Employer's liability for which the Stevedore is legally liable to employees in an amount of not less than $10,000.00 as respects bodily injury to or death of one person and subject to that limit for each person and in an amount of not less than $20,000 as respects bodily injury to or death of more than one person on account of any one accident.

"(c) Liability to the public in the amount of not less than $10,000.00 indemnity as respects bodily injury to or death of one person and subject to that limit for each person and in a total amount of not less than $20,000.00 as respects bodily injury to or death of more than one person on account of any one accident."

Owner, at its own cost and expense, did carry with the Lumbermen's Reciprocal Association liability insurance under the provisions of said Longshoremen's and Harbor

Workers' Compensation Act, for the protection of the employees of libelant. Lumbermen's Reciprocal Association was selected by owner, and all arrangements with said Reciprocal Association were made by owner, and all premiums paid by owner, without consulting or advising with libelant. Libelant relied for protection upon the said Reciprocal Association and the arrangements so made with it.

On September 17, 1930, based on such arrangements with the said Reciprocal Association, the said G. Sheppeard, deputy commissioner, issued to libelant a certificate substantially as follows:

"Certificate that Employer has Secured Payment of Compensation.

"This certifies that Houston Ship Channel Stevedoring Company, Houston, Texas, has complied with the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, and the rules of the United States Employees' Compensation Commission and that he has secured the payment of compensation to his employees who are engaged in work which is subject to the provisions of the Act and the dependents of such employees. Such payment of compensation has been secured in accordance with section 32 of the Act by insuring Lumbermen's Reciprocal Association of Houston, Texas. This certificate covers with the operations of the Houston Ship Channel Stevedoring Company in the loading and unloading of vessels owned by the United States Shipping Board, M. F. C.

"This certificate expires September 17, 1930.

"Galveston, Texas, September 13, 1929.

"[Signed] G. Sheppeard, Deputy Commissioner, United States Employees' Compensation Commission. Eighth Compensation District."

The Lumbermen's Reciprocal Association, in accordance with custom, issued and sent to the said G. Sheppeard, deputy commissioner, a card in substance as follows:

"Copy.

"Employer: Houston Ship Channel Stevedoring Co.
"Address: Houston, Texas, (covering operations performed for United States Shipping Board Merchant Fleet Corp.).
"Policy No. FWD–4022–9, Effective 9–17–29. Ending 9–17–30.
"Report is made of this issue of approved form of policy and endorsement under Longshoremen's and Harbor Workers' Compensation Act.

"Lumbermen's Reciprocal Association
"By [Signed] F. L. Elkins

"Cancellation: 7–23–30

"Effective date. Date notice rec'd by Deputy Commissioner."

Reverse side:

"Issued Sept. 13, 1929.

"This card to be sent to the Deputy Commissioner of the United States Employees' Compensation Commission in the Compensation District indicated by the employer's address."

Such contract also provided for the payment by such owner to libelant of a stipulated sum, for which libelant contracted and agreed to load and stow a cargo aboard the steamship West Cohas at the port of Houston. Said William Bauer was an employee of libelant, and, while engaged as such employee in helping to load and stow such cargo aboard such steamship, on or about July 23, 1930, was injured. No notice is shown to have been given by Bauer as required by subdivision (a) of section 912, 33 USCA, but on July 26, 1930, the libelant made a report to the deputy commissioner on a form of blank provided for that purpose, advising of the injury to Bauer, which report is substantially as follows:

"United States Employees' Compensation Commission Office of Deputy Commissioner Galveston, Texas.

"Administering Longshoremen's and Harbor Workers' Compensation Act.

"Leave this Space blank
"Case No. 59–354
"Insurance Carrier's No. 308
"Employer's First Report to Deputy Commissioner of Accident or occupational disease.

"(To be submitted in duplicate to Deputy Commissioner, who will forward copy to Commission).

"USSB MFC 1. Employer's name Houston Ship Channel Stevedoring Co.
"2. Office address 302 Cotton Exchange Bldg., Houston, Texas.
"3. Nature of business General Stevedoring.
"4. Insurance carrier Lumbermen's Reciprocal.
"6. Full name of injured person William Bauer.
"7. Address; Street and No. 128 N. Paige City or town Houston, Texas.

"8. Sex Male Age 44 Speak English? Yes If not, what language?

"9. Injured person's regular occupation Longshoreman.

"10. Was he injured in regular occupation Yes.

"11. Wages or average earnings per day, $6.40.

"12. Working days per week Six Any other advantage? Overtime.

"13. Length of service in occupation 3 years Were full wages paid for day of injury? Yes.

"14. Place where injury occurred S/S 'West Cohas.'

"15. Name of foreman Walter Plamer.

"16. Date of accident or first illness 7/23/30 Last day worked 7/23/30.

"17. When did you or your foreman first have knowledge of injury? 7/23/30.

"18. Describe in full how alleged accident occurred, or how employee was exposed to alleged hazard: While unloading lead from sling, bar fell from sling, falling on left foot and bruising all toes slightly.

"19. Machine, tool, or thing in connection with which accident or disease occurred.

"20. Nature of injury or occupational disease. Bruised toes on left foot.

"21. Was member or part of member lost? None.

"22. Will injury probably result in serious head or facial disfigurement? No.

"23. Did injury cause loss of time? No.

"24. Has injured person returned to work? Yes If 'yes' on what date? 7/23/30.

"25. Did you provide or authorize medical attention? Yes. When? 7/23/30.

"26. Physician Bortner Clinic-First Aid Station, Houston, Texas.

"Firm name: Houston Ship Channel Stevedoring Co.

"Dated July 26th, 1930.

"[Signed] J. W. Major, General Manager

"Unless the above report shows that the injured is no longer disabled then a supplementary report on 'Employer's Supplementary Report of Injury' Form (US–211) must be made at the termination of disability, or at the end of fifteen days if disability had not then ended."

Libelant did not file with the deputy commissioner a notice that it controverted the right of Bauer to compensation as required by subdivision (d) of section 914, 33 USCA.

Apparently Bauer filed his claim with the deputy commissioner as required by section 913, 33 USCA, but the date filed is not shown. Such deputy commissioner did not give the libelant notice of the filing of such claim as required by subdivision (b) of section 919, 33 USCA, unless his letter of December 29, 1930, hereinafter referred to, is held to be such notice.

Without any payment having been made on the claim of Bauer, by it, or by any other person, the Lumbermen's Reciprocal Association, on or about the 24th day of July, 1930, became involved in serious financial difficulties, and ceased business, and was placed in the hands of a receiver by a court of the state of Texas. It is still in the hands of a receiver, and still involved in financial difficulties, and it is problematic as to the amount that its creditors will receive, if anything.

When such deputy commissioner received the report of the injury to William Bauer and said Bauer's claim, he made a personal investigation of the facts in connection with such injury, but he received no application for a hearing from any interested party, and had no hearing under subdivisions (c) and (d) of section 919, 33 USCA. On December 29, 1930, no payment having been made by libelant on the claim of Bauer, he wrote and mailed to libelant a letter of that date, reading as follows:

"December 29, 1930 59—354.
"Houston Ship Channel Stevedoring Co., 302 Cotton Exchange Building, Houston, Texas.

"Gentlemen: Reference is made to the case of William Bauer, longshoreman, who sustained an injury on the 23rd day of July, 1930, while in your services as a longshoreman, on board the S. S. 'West Cohas.'

"The records of this office show that the claimant above named, as a result of his injury, was totally disabled for work from July 23rd to September 7, 1930, inclusive. He received full wages for the day of injury, July 23, 1930. Accordingly, he is entitled to compensation in the amount of $111.42 to cover a period of 5-4/7 weeks from July 31 to September 7, 1930, inclusive.

"Dr. Louis J. Spivak has submitted a medical bill in the amount of $25.00 covering his services for medical treatment to the said claimant, William Bauer, on account of the injuries he sustained on the 23rd day of July, 1930.

"It is my purpose to issue a formal compensation order on this case. It is, therefore, requested that you advise me as to whether you have paid the amount of com-

pensation hereinabove indicated, or any part thereof, or whether you have paid the bill for medical expenses.

"Thanking you for your cooperation in this matter, I am

"Very truly yours,

"G. Sheppeard,
"Deputy Commissioner."

The deputy commissioner received no reply to this lettter.

Thereafter, on January 5, 1931, the deputy commissioner made the award complained of by libelant. This suit was filed January 30, 1931, within thirty days after the date of such award.

The findings of the deputy commissioner as contained in his award are fully supported by the facts, and are correct and unassailable. Indeed, libelant concedes that Bauer is entitled to be paid by some person (but libelant strenuously contends that it is not the person) the amount of compensation awarded to him by the deputy commissioner, as is also the physician mentioned.

The basis of the contention of libelant is that it is a subcontractor under subdivision (a) of section 904, of title 33, USCA, reading as follows:

"Liability for compensation. (a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this chapter. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment.

"(b) Compensation shall be payable irrespective of fault as a cause for the injury."

This is the same contention made by plaintiff in the case of Globe Stevedoring Company, Inc., v. J. Peters et al. (D. C., Equity No. 445) 57 F.(2d) 256. In that case I said: "With this view, I cannot agree. I do not think the latter portion of Section 904 was inserted to exclude subcontractors such as Plaintiff claims to be, but to include contractors such as Plaintiff claims the Owner to be, and to then provide that either the contractor or subcontractor shall secure the payment of the compensation, etc. This is the

reasonable construction and in harmony with the spirit of the Act and with the other Sections thereof."

I adhere to my ruling in the Globe Case, and hold that whether libelant is a contractor, as insisted by respondent, or a subcontractor, as it insists, it is, under the law, liable to Bauer for the amount of such award. Since it is clear that Bauer was an employee of libelant, and there is no dispute that he was injured, and no dispute about the amount of the compensation to which he and his physician are entitled, it follows that such award is "in accordance with law" within the meaning of subdivision (b) of section 921 of title 33, USCA [Howard v. Monahan (D. C.) 31 F.(2d) 480], in so far as the claim of said Bauer against libelant is concerned.

The remaining question arises by reason of the third subdivision of paragraph 14 of libelant's pleadings, reading as follows: "3. In that the respondent failed to make United States of America and/or United States Shipping Board and/or United States Shipping Board Merchant Fleet Corporation a party to the proceedings had before him, and in that the respondent failed to enter an award against one or more or all of these parties as owners and operators of the S/S West Cohas, and as contractor as herein alleged."

Had the deputy commissioner made the owner a party to the proceeding before him, as libelant insists he should have done, he would only have had the authority to make an award in favor of Bauer against such owner, libelant, and said Reciprocal Association. He would have been without authority to determine the rights of such owner, libelant, and said Reciprocal Association as between themselves. If libelant has a claim or cause of action against such owner, by reason of libelant's liability to Bauer, as set forth above, same would not be affected by the failure of the deputy commissioner to make the owner a party to the proceedings before him, nor by the deputy commissioner's award being solely against libelant and such Reciprocal Association. This being true, there is no reason to refer this case back to the deputy commissioner for further proceedings, and a decree will enter in accordance with the procedure in Crowell v. Benson.