Settle orders on notice.

**BOYD–CAMPBELL CO., Inc., v. UNITED STATES.**

No. 1625.

District Court, S. D. Texas, Houston Division.

Feb. 24, 1933

Royston & Rayzor, of Houston, Tex., for plaintiff.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex.

KENNERLY, District Judge.

### Statement of Pleadings.

Plaintiff, a Texas corporation, sues the defendant, the United States of America, in its capacity as owner of merchant vessels operated by the United States Shipping Board, and/or the United States Shipping Board Merchant Fleet Corporation, upon an alleged or so-called arrangement, agreement, or contract of indemnity. It is alleged:

That plaintiff maintained a force of employees (longshoremen) to do the stevedoring work of defendant, i. e., load and unload cargoes into and from defendant's vessels, at Corpus Christi, Tex., and that, in connection with such work, defendant obligated itself to, at its own cost and expense, carry liability insurance protecting plaintiff against all liability by reason of injury to any of such employees. That defendant arranged for such a policy or policies of insurance with the Lumbermen's Reciprocal Association of Texas, whereby such association obligated itself to assume, pay off, and discharge any such liability of plaintiff to any such employees.

That Donie Means, one of such employees, was injured while engaged as a longshoreman on board, and loading, the steamship Chatala owned by defendant, but that such association failed and refused to pay, as required by such policy or policies of insurance, the liability fixed against it under the Longshoremen's and Harbor Workers' Compensation Act (chapter 18, title 33 USCA §§ 901–950), because of such injury to Means. That such association is insolvent, in the hands of a receiver, and unable to respond to any judgment that plaintiff may obtain against it. That by reason thereof, plaintiff was forced and compelled to, and did, pay to Means the amount of the liability so fixed in favor of the said Means against said association, or a part thereof, and that, under the contract between plaintiff and defendant, plaintiff is entitled to recover from defendant the sums of money so paid by it to Means.

Defendant demurred to plaintiff's petition. The demurrer was overruled, but subject to the right of defendant to present the same questions upon trial of the case, on its merits. The defendant's answer puts in issue plaintiff's allegations. This is a trial of the case on the merits.

### Findings of Fact.

(1) Since some time prior to June, 1919, the Merchant Fleet Corporation vessels of the United States Shipping Board have been operating in the Gulf ports of Texas, and have been stevedored there by private stevedoring contractors. Before August 7, 1919, the stevedoring contractors paid the insurance premiums covering the insurance of longshoremen while at work on government vessels, and the stevedoring bills rendered by the contractors included the cost of such insurance, which varied according to the loss experience of the several stevedoring contractors.

(2) Since August 7, 1919, the Merchant Fleet Corporation has paid the premiums covering the insurance of longshoremen engaged in stevedoring United States Shipping Board vessels, the rates quoted being the cost of handling cargo, less the insurance cost. The government pursued this course because it was considered advantageous to the government, a greater coverage being secured and a saving of money being effected thereby.

(3) The insurance policies covering these risks between 1919 and 1927 were issued in the name of the United States Shipping Board Merchant Fleet Corporation, with no mention made of the stevedoring contractors. With the passage of the Longshoremen's and Harbor Workers' Compensation Act effective July 1st, 1927, and because of a technical requirement of that law, the names of the various stevedoring contractors were inserted in the policy as certificate holders in order to comply with section 37 of that statute (33 USCA § 937).

(4) The contract between the parties by which plaintiff did the stevedoring work of defendant at Corpus Christi, Tex., is evidenced by telephone conversations, letters, memoranda, etc. The principal and controlling provision respecting such insurance is found in a paragraph of a memorandum dated July 22, 1927, as follows (owner being defendant, and stevedore being plaintiff):

"The Owner shall, at its own cost and expense, carry insurance protecting the Stevedore against (a) Liability to the public for which the Stevedore is liable in the amount of Ten Thousand Dollars ($10,000) indemnity for injury to or death of any one person and Twenty Thousand Dollars ($20,000) for any injury to or death of any number of per-

sons in a single accident (b) liability arising under workmen's compensation laws of the State in which the stevedoring work is performed for injury to or death of employees, and (c) any liability whatsoever for which the Stevedore is legally liable to employees, in the amount of Ten Thousand Dollars ($10,000) indemnity for injury to or death of any one employee and Twenty Thousand Dollars ($20,000) for any injury to or death of any number of employees in a single accident, by policies insuring the Owner, which shall provide that for the purposes of the insurance therein provided all the employees of the Stevedore engaged in the work covered by this schedule shall be considered employees of the Owner."

(5) Defendant, in accordance with such obligation, originally insured plaintiff's employees in the Texas Employers' Insurance Association, but, effective 12:01 a. m. September 17, 1929, the insurance with that concern was canceled by defendant, and the insurance placed with the Lumbermen's Reciprocal Association of Houston, Tex. Such association issued its policy or policies, agreeing to pay off and discharge all liability of plaintiff to its employees. This change was made without the knowledge or consent of plaintiff; plaintiff being notified thereof after the change was made. This change was made also over the opposition of the Insurance Department of the Merchant Fleet Corporation.

(6) The Lumbermen's Reciprocal Association being an assessment or mutual company, and defendant becoming a "Subscriber" thereto by the issuance of such policy or policies, a policy of reinsurance was arranged by, and at the expense of, such association with the General Re-Insurance of New York, to protect defendant against liability for assessments which might be made upon the defendant as such "Subscriber."

(7) On or about July 27, 1931, Donie Means, one of plaintiff's employees, was injured during the course of his employment, in loading one of defendant's vessels at Corpus Christi, and on October 15, 1930, the deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act made an award of compensation in his favor, because of such injury, in the sum of $259.99, payable at the rate of $20 per week. Demand was made by said Means on said Lumbermen's Reciprocal Association, such insurer, for the payment of such award, which was refused, and such association has not

paid same. Such association is insolvent and in the hands of a receiver, and its affairs are being administered by such receiver. It is not shown whether its assets are, or are not, sufficient to pay any part of Means' claim.

(8) This court has held in other similar cases (but not in this particular case) that, where payment is not made by the insurer (in this case, such association), both the stevedoring company (plaintiff) and the United States (defendant) are liable to the stevedoring company's employees. See Globe Stevedoring Co., Inc., v. Peters (D. C.) 57 F.(2d) 256; Houston Ship Channel Stevedoring Co. v. Sheppeard (D. C.) 57 F.(2d) 259.

(9) About July 27, 1931, in compromise, plaintiff paid Means $160, and took a full release from him, and it was agreed that Means should, in addition, receive one-half of any sum of money collected on his claim against such insurer, plaintiff to receive the other one-half.

(10) Plaintiff carried no compensation insurance upon its employees in so far as the work for defendant was concerned, depending entirely upon defendant to carry same in accordance with the above-quoted portion of the memorandum of July 22, 1927.

### Conclusions of Law.

(A) Under section 904, title 33 USCA, both plaintiff and defendant were, as of date, July 1, 1927 (when the Longshoremen and Harbor Workers' Compensation Act became effective), and have been since, and are now, liable for the compensation for injuries provided for by such act, for the employees of plaintiff, engaged in unloading defendant's vessels. Globe Stevedoring Co. v. Peters, supra; Houston Ship Channel Stevedoring Co. v. Sheppeard, supra.

(B) Under such act, as between plaintiff and defendant, the defendant is primarily, and plaintiff is secondarily, liable to such employees, and, if defendant fails to pay such compensation, and thereby plaintiff is compelled to pay same, plaintiff is entitled to recover from defendant the amount so paid.

(C) Under said section 904, both plaintiff and defendant are required to "secure" the "payment" of such compensation in the manner provided in section 932; the defendant being primarily so required, and plaintiff secondarily so required. In the event defendant fails to so "secure" same, and plaintiff sustains a loss by reason thereof, plaintiff is entitled to recover the amount of such loss from defendant.

(D) So situated under the Law, plaintiff and defendant agreed upon the memorandum of July 22, 1927, worded as set forth in the fourth finding of fact, and I conclude that thereunder, and thereby, defendant agreed to indemnify plaintiff against any loss by reason of plaintiff, for any reason, being compelled to pay such compensation to such employee.

(E) Without determining whether the compromise made by plaintiff with Means is valid or otherwise, I conclude that plaintiff would be entitled to recover the $160 paid Means as a payment on account, but for the fact that the amount that plaintiff and Means may receive from the receivership of the Lumbermen's Reciprocal Association is left uncertain by the evidence. Plaintiff has not satisfied the burden of proof upon it to show the amount (if any) it is entitled to recover. No judgment can therefore be rendered for plaintiff.

Judgment for defendant.